Marshall, Oh. J.,
 

 delivered the opinion of the court. — This is an action on the case, brought by Adam Lynn, as executor of John Wise, for the use of Thomas C. Lyles and others against William Yeaton, in the circuit court *of the United States, sitting in the county of Alexandria. L
 
 *146
 
 The declaration contains two counts ; .one for money paid by the plaintiff, Lynn, as executor, for the use of the defendant, and the other on an account settled by the said plaintiff, as executor, with the defendant, for money due by the defendant to the plaintiff, as executor as aforesaid. The cause was tried on the issue of
 
 non
 
 assumpsit, and the jury found a verdict for the plaintiff below, subject to the opinion of the court on a case agreed. Judgment was given for the plaintiff, and the then defendant has brought that judgment before this court by a writ of error.
 

 The case agreed is in the words following : The plaintiff, to support the issue on his part, gave evidence to prove that John Wise, the testator, in his lifetime, had indorsed a note, as surety for the defendant, to one Robert Young, for the sum of-, upon which nóte judgment was obtained by said Young, against such maker and indorser, and execution of one of the said judgments being levied upon the goods, &c., of the defendant, he gave a forthcoming-bond, with the said testator as his surety in such bond, upon which bond judgment was regularly entered against principal and surety, in the lifetime of the testator. The plaintiff then produced and read in evidence to the jury, the proceedings in two chancery causes, the one, by the said Robert Young against the said Adam Lynn
 
 et. al.;
 
 the other, by the Bank of Alexandria, against the same defendants, thereto annexed. And the plaintiff, in order to show that the decree in the first of the said chancery cases had been paid and satisfied by the plaintiff, by way of a discount between him and the said Young, gave evidence to pi-ove that the plaintiff had indorsed a note, as surety for said Young, discounted for his, said Young’s, use, in the branch Bank of the United States, upon which note the said bank had recovered judgment against the said Young for $300, with interest from the 4th of March 1817, till paid, and costs. The said note and judgment, had been taken up by plaintiff, as surety for said Young, on the 24th of March 1820, and thereupon, assigned over to the plaintiff ; and that the said Robert Young, by way of indemnity and payment to the plaintiff, assigned over to him the said judgment obtained by Young against *o 1 the defendant, and all his claims and ^remedies, &e., upon the estate -* of the testator, as by a short copy of the said judgment and assignment indorsed thereon, thereunto annexed. That the plaintiff, before the institution of the said suits in chancery, and after the death of the testator, had sold out 'sufficient of the stocks mentioned in the said deed, to pay the said debt due the said Young ; bur, without any reference to the said suits, ■or to the said .Young’s claim, nor for the purpose of satisfying any creditor of the testator; and, at the time of the institution of said suits, had the money in his hands proceeding from such sales, which money he has retained as against such of the
 
 oestuis que trust
 
 named in the said deed as are named as equitable plaintiffs in this case ; that the will of the said John Wise was duly proved and recorded in the orphans’ court, and letters testamentary thereon duly granted to the plaintiff, and other proceedings relative thereto therein had, as appeared by the annexed transcript of proceedings in the orphans’ court, and that the said Bank of Alexandria recovered judgment of the plaintiff, as appeared by the annexed record of the said judgment, to bind assets. And it is agreed, that the verdict to be rendered in this cause shall 'be subject to the opinion of the court, whether the plaintiff is entitled to recover in this action, for so much of the assets which the said deed pur
 
 *147
 
 ports to convey in trust, as has been appropriated under the said decree, in manner aforesaid, to satisfy the said debt due to the said Robert Young, and discounted with the plaintiff as aforesaid.
 

 The judgment which was obtained by Robert Young, against John Wise, in his lifetime, and William Yeaton, the defendant, is stated in the case agreed to have been for the proper debt of the defendant, for which John Wise was surety. This debt has never been paid by the defendant, and was not paid by John Wise in his lifetime. After this judgment, William Yeaton became insolvent; and John Wise sold his real estate in Alexandria, and invested the proceeds in bank-stock, in the name of Adam Lynn, the plaintiff ; after which, he executed a declaration of trust, in favor of his children and grandchildren, and departed this life, having first made his last will and testament, of which he appointed the plaintiff executor, who took upon himself the execution thereof.
 

 *The chancery causes mentioned in the ease agreed were insti- r.¡. ’.tuted in July 1818, for the purpose of setting aside as fraudulent, L with respect to creditors, this deed to Adam Lynn, the plaintiff, and for obtaining payment of the debt due to the ¡fiaintiffs, respectively, out of that fund. The court, in July 1824, decreed that the deed of trust be annulled and vacated, so far as respects the complainants, and that the said Adam Lynn do sell and dispose of so much of the trust fund as will satisfy and pay to the complainants their debt aforesaid, with interest and costs. The case shows, that previous to this decree, on the 24th of March 1820, the plaintiff had paid this judgment obtained by Young against Yeaton, with Wise as his surety ; and that he had sold a sufficient quantity of the stock standing in his name, to meet the claim, the proceeds of which sale he held in his hands, at the time the debt was paid to Young.
 

 It is obvious, that the debt due from Yeaton, the defendant, to Young, for which Wise was surety, has been paid out of the estate of Wise. Consequently, that estate has an unquestionable claim on Yeaton for the amount paid. The judgment rendered by the circuit court in favor of Adam Lynn, who was both executor and trustee of John Wise, is resisted, on the ground, that he has sued as executor, though he paid the money •either on his private account or as trustee.
 

 The bill in chancery, on which all the proceedings between Wise and Lynn were annulled, so far as respected this debt, and by the decree on which Adam Lynn was directed to pay the sum due to Robert Young, states, that Lynn was both executor and trustee. The executor and trustee were both necessary parties to the suit, and had they been distinct persons, must both have been brought before the court. The two characters being united in the same person, and that person being directed to execute the decree, it would seem reasonable to presume, that he acted in the character in which he ought to perform the particular act, especially, if it be necessary to give the act its full effect, and to make it rightful.
 

 The trust property had been sold, in anticipation of the decree, and the money retained by the trustee and executor. When the investment in the name of Lynn, and the declaration of trust, were vacated and declared vovl, so far as *respeeted this debt, the money into which the trust .... property had been converted, and which remained in the hands of L Wise’s executor, became a part of Wise’s estate, and consequently, were
 
 *148
 
 assets subject to this debt. The payment of this money to Robert Young was rightful, if made by the executor ; and being part of the funds of the estate, ought to inure to the benefit of the estate. We think, therefore, that the action is sustainable in the name of the executor. The form in which the question on the case is submitted to the court, strengthens this opinion. It assumes, that the money for which the suit was brought composed a part of the assets, and had been appropriated, under the decree of the court, to satisfy the debt due to Robert Young.
 

 The plaintiff in error further contends, that this judgment ought to be reversed, because the letters testamentary granted to Adam Lynn, were revoked by the orphans’ court of Alexandria, before it was rendered. The powers of the orphans’ court of Alexandria are made, by act of congress, identical with the powers of an orphans’ court, under the laws of Maryland. It is a court of limited jurisdiction, and is authorized to revoke letters testamentary in two cases — a failure to return an inventory, or to account. The proceedings against Adam Lynn were not founded on either of these omissions. A petition was filed by his sureties, stating their apprehension of loss from their suretyship, and praying that the proper measures might be taken for their relief. The appropriate remedy given by the law, in such case, is, to require counter-security, and, on the failure of the executor to give it, to take the estate out of his hands and place it in the hands of his sureties. The statute forbids the judge to exercise any implied power. On the failure of the executor in this case to give counter-security, the judge, instead of making the order prescribed by the act, revoked the letters testamentary. Some of the judges are of opinion, that the orphans’ court transcended its powers, and that the judgment of revocation is void. It is unnecessary to decide this point, because we are all of opinion, that, as the issue tried by the jury was on the plea of
 
 non assumpsit /
 
 as the plaintiff was incontestably executor, when this suit was brought, and when that issue * T was joined, and could rightfully maintain this ^action ; as the revocaJ tion of the executorship was not brought before the court by a plea, since the last continuance, as it might have been ; the defendant is to be considered as waiving the defence, and resting his cause on the general issue. There is the more reason for supposing that the defendant Yeaton made this election, because a plea since the last continuance waives the issue previously joined, and puts the cause on that plea. It is also remarkable, that the case agreed states expressly, that letters testamentary were granted to Adam Lynn, but does not state the revocation of those letters. The proceedings of the orphans’ court are referred to generally.
 

 It is not doubted, that this revocation might have been pleaded, and we think it ought to have been pleaded, in order to bring the fact judicially to the view of the circuit court. It ought to appear upon the record, that judgment was given against the plaintiff in that court, because he was no longer executor of John Wise ; and not because the defendant was not indebted to the estate of Wise, and had not made the
 
 assumpsit
 
 mentioned in the declaration.
 

 The rule is general, that a plea in bar admits the ability of the plaintiff to sue; and, if the parties go to trial on that issue, the presumption is reasonable, that this admission continues. In principle, this case is not unlike a suit brought by an administrator, during the minority of the exec
 
 *149
 
 utor. His power as administrator is determined, when the executor has attained his full age, and the fact that he has not attained his full age, must be averred in the declaration. But if this averment be omitted, and the defendant pleads in bar, he admits the ability of the plaintiff to sue, and the judgment is not void. 5 Com. Dig. tit. Plead. 2 D. 10, 267. The inference that he could not be permitted to give this fact in evidence is very strong. A distinction seems to be taken between an action brought by a person who has no right to sue, and a.n action brought by a person capable of suing at the time, but who becomes incapable, while it is depending. In the first case, the plaintiff may be nonsuited at the trial; in the last, the disability must be pleaded. 1 Chit. PI. 437 (Am. ed. 319) ; 4 T. R. 361 ; 3 Ibid. 631.
 

 The rule is, that “ when matter of defence has arisen after the commencement of a suit, it cannot be pleaded in bar of the *action, r¡¡¡ generally, but must, when it has arisen, before plea or continuance, *- be pleaded as to the further maintenance of the suit; and when it has arisen after issue joined,
 
 puis darrein
 
 continuance.” 1 Chit. PI. 635 (Am. ed. 456). It may safely be affirmed, that a fact which destroys the action, if it cannot be pleaded in bar, cannot be given in evidence, on a plea in bar to which it has no relation. This is decided in 7 Johns. 194 : “If any matter of defence has arisen, after an issue in fact, it may be pleaded by the defendant; as, that the plaintiff has given him a release “ or, in an action by an administrator, that the plaintiff’s letters of administration have been revoked.” In
 
 Stoner
 
 v.
 
 Gibbons,
 
 Moore 871, an action of debt was brought against an administrator, and pending the action, after demurrer joined, the letters of administration were repealed. The court refused to allow this matter to be pleaded, after demurrer, though it might, after issue joined. The distinction between allowing the plea after demurrer and after issue, is not now sustained : but certainly, the defence could not have been received, as the plea was disallowed. Upon this point, the court is unanimous: we are all of opinion, that the revocation of the letters testamentary not having been pleaded, could not be given in evidence. The judgment is affirmed, with costs, and damages at the rate of six per cent, per annum.
 

 This cause came on to be heard, on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Alexandria, and ivas argued by counsel: On consideration whereof, it is considered, ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby affirmed, with costs, and damages at the rate at six per cent, per annum.