## GEORGE W. GERRISH *vs.* JOHN GARY.

The insolvency of the demandant in a real action, and the assignment of his estate under the insolvent laws, after the commencement of the action, can only be pleaded in abatement, at the first term after the assignment.

An insolvent debtor, who has commenced a real action before his insolvency, and afterwards purchased the land from his assignee, and taken a deed thereof, may prosecute the same to final judgment in his own name, if no plea in abatement has been filed.

METCALF, J. This is a real action commenced in this court in 1856. The tenant pleaded *nul disseisin,* and the case was continued from term to term to October term 1860, without any action of the court thereon, and without any other plea filed by the tenant, or any motion made by him or by the demandant. While the case thus remained in court, the demandant sought the benefit of the insolvent laws; his property, including the premises demanded in this action, was duly conveyed to assignees, who sold the said premises, and the demandant became the purchaser thereof. Afterwards, at the October term 1860, the demandant filed a motion praying that he might have leave to prosecute this action, either in his own name or in the name of his assignees; and his assignees also filed a motion praying that they might prosecute the action, either in their own names or in the name of the demandant. These motions were resisted by the tenant; and the question whether either of them should be granted was reserved, by the judge who held the court at the last October term, for the consideration of the whole court. And we are all of opinion that the demandant may prosecute the action in his own name and for his own benefit.

It is admitted by the tenant, that, when the action was commenced, the demandant had a right to commence it, and that he would have a right to commence a like action if he should not be permitted to prosecute this. But the tenant insists that, by *St.* 1838, *c.* 163, § 5, (which is to be applied to this case,) an action pending in the name of a debtor, when his property is assigned under the insolvent laws, can be prosecuted only by

Gerrish *v.* Gary.

his assignees in their own names, as if it had originally been brought by them. He further insists that, as to the debtor, the action is irremediably abated by the assignment; but we do not think so. Matter of abatement, unless it is apparent on the record, must not only be pleaded, but must be pleaded at the first term at which it can be done. And if it be admitted that the assignees only could prosecute the action before they sold the demanded premises, and that they cannot prosecute it since the sale, and therefore that the action might have been abated at the last October term, if the tenant had then or previously filed a plea proper for that purpose; yet we are of opinion that, as no such plea was then or ever interposed, the tenant cannot now object to the demandant's right to proceed in the action. The assignees have never assumed the prosecution of it, but have left it as they found it, standing in the name of the demandant. See *Page* v. *Bauer*, 4 B. & Ald. 345; *Yeaton* v. *Lynn*, 5 Pet. 230, 231; Gould Pl. *c.* 6, § 124.

A cause for abatement may exist at an early stage of an action, and cease to exist at a later stage. When the cause no longer exists, the action cannot be abated on the ground that it once existed. Thus, if a feme sole marry after bringing an action, and becomes a widow before the defendant pleads the marriage in abatement, the action is not abated nor abatable. And if the proceedings in insolvency, in the present case, had been annulled by this court at the last October term, it would not be doubted that this action might proceed to trial, as if those proceedings had never been had.

*The motion of the demandant, to prosecute the action in his own name, is granted.*

*M. G. Cobb*, for the demandant.

*B. F. Butler*, for the tenant.