Mr. Justice Wylie
delivered the opinion of the court:
This is an action of assumpsit, to recover from the District ■of Columbia the value of plaintiff’s labor and materials fur *534 nished in the construction of a water-main extending from the market-house, in Georgetown, to the bridge over Eock Creek, and the declaration is in the common counts, with a bill of particulars amounting to $10,084, exclusive of interest» Defendant pleaded in the first instance the general issue as well as payment; and on each of these pleas issue was joined. Subsequently defendant’s counsel filed another plea in these words r “And for further plea defendant says that after the last pleading in this action, and before this day, it satisfied and discharged the plaintiff’s claim by payment,” and this plea was entitled by the counsel a “‘Plea puis darrein continuance.” On this last plea, also, plaintiff joined issue.
Were this plea a proper plea puis darrein continuance, the subject of controversy in the present action would be restricted to narrow limits, for the prior pleas would be waived, the amount claimed in the declaration would be admitted as. properly due to the plaintiff at the date of bringing the action, and no subject of inquiry left, except the question whether the plaintiff’s claim had been paid since the first two pleas were filed. In Yeaton vs. Lynn, 5 Pet., 231, it was said by Chief Justice Marshall that a plea since the last continuance waives the issue previously joined, and puts the cause on that plea. Also in Wallace vs. McConnell, 13 Pet., 152, it was declared that “ It is laid down in Bacon’s Abridgment, (6 Bac. Abr. by Gwillim,) that if after a plea in bar the defendant pleads a plea puis darrein continuance, this is a waiver of his bar, and no advantage shall be taken of anything in the bar.” And it is added that “it seems dangerous to plead any matter puis darrein continuance, unless you be well advised; because if that matter be determined against you, it is a confession of the matter in issue.” This rule. was adopted in Kimball vs. Huntingdon, 10 Wend., 679. The court say the plea puis darrein continuance waives all previous pleas, and on the record the cause of action is admitted to the same extent as if no other defense had been urged than that contained in this plea.
When this cause came on for trial, therefore, before the circuit court, the only issue to be tried was whether the plaintiff had received full payment of the whole amount claimed in his declaration since the former pleas were filed. The plea, *535 it must be admitted, is not artificially drawn, and is, indeed, as to its form, if notits substance, defective as a plea puis darrein continuance, but is a plea that full payment had been made not since the last continuance, but since the filing of the former pleas. But the plaintiff made no objection to it on either of these grounds, either by demurrer or motion to strike it from the record. . Nevertheless it may be inferred from the record in the cause, and more clearly still from the conduct and admissions of the counsel on both sides, that the trial, so far as it went, was conducted without regard to the nature of the issue under the plea of puis darrein continuance, but entirely under the issues on the former pleas. The bill of particulars was disputed in nearly every item, and the existence of any contract binding upon the defendant absolutely denied. After the court had thus made some progress with the trial, finding that in this way the controversy involved the investigation of a claim consisting of a large number of disputed items, an order was made to refer the cause to the auditor to state the account between the parties, and to ascertain what items are not included in the contract between Davenport et al, and defendant, and to file all the evidence taken with his report.
■ The report of the auditor is very elaborate, and finds a balance due from the defendant to the plaintiff, after all credits allowed, of $10,101, with interest from December 1, 1875. To this report the counsel for the defendant filed seventeen exceptions. And on these exceptions the court below referred the cause here to be heard in the first instance. It is not our purpose to examine these several exceptions in their order, for the reasons which we are about to state. We have already stated that the declaration consists of the common counts in a’ssumpsit for work and labor done, with a bill of particulars. It appears from the evidence taken before the auditor, and is proved by the testimony of the plaintiff himself, the contract to do the work in question was originally made with the firm of O’Hare, Himber & Co., and that it was specific and in writing. O’Hare, Himber & Co. having refused to proceed with its execution, the officer who was authorized by law to have the work done consented that Campbell, the plaintiff, might be substituted as contractor in *536 their place, not, however, to the extent of discharging them or their sureties from the obligations of their contract; but the work was to be done by the plaintiff according to the terms of that contract, and to be paid for according to the terms. Campbell’s contract with the District, if any, was therefore a special contract, and the plaintiff was bound by its terms. It is quite true that a party who has fully performed work and supplied materials under a special contract, after the work has been completed, may recover a judgment in an action of assumpsit on the common counts without having declared upon the special contract; but it is true also, on the other hand, that he is restricted as to his evidence in such case to the terms of such contract. Jones vs. Dermott, 2 Wall., 1.
In the present instance, it seems that the auditor gave to this rule no attention whatever, but made his allowances exclusively on the principle of quantum meruit. What difference the observance of the rule would have made in this case we are not able to say, but believe the amount would have been considerable. The auditor allowed, also, about $2,001) as damages in consequence of delays in the prosecution of the work, caused, as alleged, by neglect or inability on the part of defendant’s agents in supplying materials. According to the contract with O’Hare, Himber & Co., it wonld seem that risks of that character were to be assumed by the contractors, and not by the District. Besides, such damages, if recoverable at all, could not be recovered in an action of assumpsit for work done and materials furnished, but in another action of different form, different object, and where the defense must be different. On the other hand, the plaintiff is entitled to recover for the work done and material furnished according to the terms of the contract with O’Hare, Himber & Co., as well as quantum meruit for all extra on that contract which he did or furnished by direction of the public agents under whom he prosecuted the work. The just claims of the plaintiff arising out of the labor done and materials furnished by him cannot be defeated, in a case like this, on any such grounds as those set up in many of these exceptions, to the effect that the contract was not exactly in the form, or according to the provisions, prescribed by the law. The *537 work was clone, was authorized by law, has been accepted, and is now used and controlled by the District for the benefit of the public. Under such circumstances, to permit the defendant to avoid paying for the work, on the ground that its agents neglected their duty by making the contract, without having first advertised for proposals, or at a time when the appropriations were exhausted, would be most glaring injustice. If this were the law, the public would be enabled to defraud its contractors by proving misconduct on the part of its own agents. There is quite enough, however, in this report to satisfy us that it ought to be set aside. Nor can we perceive how it is possible for the court to abridge its own labors by any reference of a case like this one to the auditor. First or last, the questions in controversy, as well of law as of fact, must be examined and decided by the court itself. The matters of controversy between these parties are not, in our judgment, such matters of account as fall within the act of 1875, ch. 80, sec. 12, which is in these words: “ In nil actions in any court of law grounded upon an account, or in which it may be necessary to examine and determine on accounts between the parties, it shall, and may be, lawful for the court where such actions may be or remain for triaj to order the accounts and dealings between the parties to be audited and stated by an auditor or auditors to be appointed by such court, and there shall be such proceedings thereon as in cases of actions of account.”
Now, “In an action of account there are two judgments ; the first is quod computet, after which the court assigns auditors, whose duty it is to convene the parties and make up the account between them. But if either of the parties considers himself aggrieved-by the report of the auditors, he may bring his complaint before the court, and if he denies any articles, or demurs to any demand, that matter is to be tried and determined in court.” See Bac. Abr., title Accompt, and Evans’s Pr., 254. It appears to us, therefore, that nothing, of either time or labor, is likely to be saved by referring this cause to the auditor for an account.
Besides this consideration arising out of the nature of the controversy in the present case there exists another, which .should prevent a reference of that kind, at least at the pres *538 eut stage of the controversy. It is this principle, that whatever may be pleaded to the action shall never be allowed of as a good discharge before the auditors. Taylor vs. Page, Cro. Car., 116; 1 Bac. Abr., 38. The reason of this rule is obvious. Matters of plea are either in bar or abatement of the action, and are not matters of account, and must therefore be tried in court.
In the present case, there were three pleas, all in-bar of the action, and the auditor seems to have considered himself authorized to decide the issue under all of them, and having so decided, proceeded to make up his account. Perhaps the terms of the order of reference were broad enough to excuse his attempt to exercise this jurisdiction. If so, the fault was not with him, but with the order.
For these reasons, it is ordered that the auditor’s report in this case be set aside.
Mr. Justice Humphreys
read the following opinion in regard to the-procedure in a proper case of reference under Buie 54:
Plaintiff sues on an account for labor done and materials furnished at the instance and request of defendant.
During the trial of the cause in the circuit court, it appearing that there were mutual accounts between the parties, the court discharged the jury and ordered the accounts and dealings between the parties to be audited and stated by -the auditor of the court under Buie 54. The auditor made his report; the defendant filed exceptions thereto, and the justice certified the cause to the general term. The question is as to the proper practice under the rule. •
In all suits at law, as this is, each party has a right of trial, by jury. A party may waive this right and submit the case to the court. This must be made out clearly and in writing, signed by the parties. The exceptions in this case aré to be tried by the court and jury; the court to rule the law and the jury to determine the facts. In a reference, each party should introduce all the testimony to be relied upon,'and after the auditor has made a report either can except, and the trial proceeds upon the exceptions, the court charging the jury, as before stated, or upon stipulation of the parties, the court de *539 termiuing the facts. The cause may then be appealed or a writ of error prosecuted, as may be proper. The object of the reference is to aid the Jury where there are mutual accounts, and the auditor’s report must stand, unless the party dissatisfied excepts and.points out theerror. In order to refer a cause, there must be mutual accounts between plaintiff and defendant. Where there are mutual dealings and debits and credits, the auditor is called to aid the jury in the calculation. There must be some undeniable facts existing, such as a mutual dealing, and the main question then is, on which side is the balance? If there are no mutual dealings admitted, then the cause cannot be referred under Eule 54. The reference to arbitrators under Eule 53 is a different process. If, however, there are mutual dealings and accounts between the parties, it is the duty of the court to aid the jury in calculating, in adding and subtracting and multiplying; and the auditor is, for the expediting of business, substituted for the judge, and is, in fact, a subjudge, just as he is vice-chancellor in equity causes. But parties have a right to have any particular fact tried by a jury, under the instructions of the court, and on reference to an auditor exceptions must be taken, else his report will be ratified by the court and the jury instructed accordingly. If material exceptions are made, the court must instruct the jury to disregard them. If frivolous objections and exceptions are made, the court will aid the jury by instructing a disregard thereof. There must be some controverted fact of substance to be submitted to the jury. If there be no distinct issue of fact, the instruction would be to return a verdict for whichever party against whom there was no controverted fact on the point. The object of the rule is to relieve jury and court of calculation where there have been mutual dealings and accounts between the parties, and to leave for the jury issuable facts. If any question of law arises, the court must rule upon it as in any other cause submitted to a jury. The language of the rule is, “ where it may be necessary to examine and determine on mutual accounts between the parties, the court may discharge the jury and order tbe accounts and dealings between the parties to be audited and stated by the auditor of the court, or by an auditor or auditors appointed in the special *540 case, and there shall be such proceedings thereon as in cases of actions of account.” Maryland act of November, 1785, ch, 80, sec. 12. This was and is but the old English rule, and we must say a good and convenient rule. If, in the progress of the case, it is evident to the court that there have been mutual dealings and accounts between the parties, and that the interest, calculations, additions, and subtractions are too numerous and complicated to tax court and jury with the detention of time, it is then the duty of the court to discharge the jury, and call to its aid the officer appointed to labor with just such business. It is then the duty of the parties to attend before that officer and to aid him. If a disputed fact arises, the point may be made, and either party can except and have a trial by a jury, under the instructions of the court. If there aré no mutual dealings and accounts between the parties, the jury cannot be discharged. If any question of law as to the liability of either party arises on acknowledged or given state of facts, the court must decide, and the party against whom the determination is had may appeal or except, as the one or the other may be proper.