THIS was an action of assumpsit, and in a few days after it was brought the defendant paid to the plaintiff the amount of his demand due when it was commenced, and took his receipt for it.
Fulton for the plaintiff. In every species of assumpsit all matters in confession and avoidance, including not only those by way of discharge, but those which show the transaction to be void or voidable in law on the ground of fraud or otherwise must be specially pleaded. As, for example, infancy, coverture, release, payment, etc. 1 Ch. Pl., 471, 515. The phraseology of a plea of payment is as follows in the Court of King's Bench: "And before the exhibition of this bill." In the Court of Common Pleas: "And before the commencement of this suit." 3 Ch. Pl., 975. But matter of fact, occurring after suit brought, *Page 429 
and before plea pleaded, the phraseology is: "That the plaintiff may not be allowed further to prosecute," etc. If after plea pleaded, then it ispuis darrein continuance, etc.; and both of these are pleaded with leave of the court, etc. 3 Ch. Pl., 913, 924, 1238, 1242, 1244. And pleas always refer to the amount of the suit alleged in the writ and declaration. 1 Ch. Pl., 507. But payment of the debt, without costs, after suit brought, is no defence to the action. 1 Ch. Pl., 552. Matters of defence arising after the commencement of the action cannot be set up under the general issue as a bar to it. The actio non relates to the time of commencing the suit, and not to the time of filing the plea; and only such a defence as shows that the suit was not rightly brought can bar the action generally. If new matters arise, after the action has been commenced, they should be pleaded in bar of the further maintenance of it, as in case of a plea puis darrein continuance;
but, in an action of assumpsit, where payment is made after it was commenced, although it does not in general bar the action, yet it may be shown under the general issue in reduction of damages. Hendrickson v. Hitchenson, 5 Dutch., 183. Facts which occur after the commencement of the suit, but before issue joined or plea pleaded, must be pleaded to and against the further maintenance of it, whilst facts which occur after the joinder of issue or the interposition of a plea, must be pleaded puis darrein continuance.
McDougald v. Rutherford, 30 Ala., 253. Yeaton v. Lynn, 5 Pet., 224, is to the same effect, and further states the rule to be, that when matter of defence has arisen, after the commencement of a suit, it cannot be pleaded in bar of the action generally, but must be pleaded as just before stated on the authority cited from 30 Ala., 253.
The holder of a promissory note commenced actions thereon against the maker and the endorser of it; the maker brought into court the full amount of the note with interest and costs up to that time. Held,
that the holder was not bound to accept it unless the costs of both actions were paid. Whipple v. Newton, 17 Pick., 168. Where defendant pays the debt after suit brought, the plaintiff is entitled to judgment for costs. Wagner v. Wagner, 9 Barr, 214. *Page 430 
 Lore, for the defendant, did not reply.
By the Court. As it appears in this case, the amount demanded in it was paid after the suit had been commenced, but before the close of the term to which it was brought; the plaintiff is entitled to judgment for costs which had accrued up to that term, as they should have brought the matter to the attention of the court and asked for such judgment at that term.