## WARREN v. PAUL.

CONSTITUTIONAL LAW.—The provision of the internal revenue act of *July* 4, 1864, requiring writs in State Courts to be stamped is not within the sphere of the legislative powers of the Federal Government, and is inoperative.

SAME—HABEAS CORPUS.—Section 8 of Art. 1, of the Constitution of the *United States* contains a delegation to Congress of power to suspend the writ of *habeas corpus*.

APPEAL from the *Elkhart* Common Pleas.

PERKINS, J.—Suit to recover possession of personal property. Suit dismissed by the Court, on motion of defendant, and a return of property ordered, because papers were not stamped as required by act of Congress. The Court refused permission to plaintiff to affix stamps, in Court, to avoid a dismissal. The internal revenue act of *July* 4th, 1864, enacts that stamps upon legal documents shall be thus:

" Writ, or other original process by which any suit is commenced in any Court of record, either of law or equity, 50 cents.

" Where the amount claimed in a writ, issued by a Court not of record, is 100 dollars or over, 50 cents.

" Upon every confession of judgment, or cognovit, for 100 dollars or over, (except in those cases where the tax for the writ of a commencement of suit has been paid,) 50 cents.

" Writs or other process on appeals from justices' Courts or other Courts of inferior jurisdiction to a Court of record, 50 cents.

" Warrants of distress, when the amount of rent claimed does not exceeed 100 dollars, 25 cents.

" When the amount claimed exceeds 100 .dollars, 50 cents. *Provided*, that no writ, summons or other process issued by and returnable to a justice of the peace, except as hereinbefore provided, or by any police or municipal Court having no

larger jurisdiction as to the amount of damages it may render than a justice of the peace in the same State, or issued in a criminal or other suits commenced by the *United States* or any State, shall be subject to the payment of stamp duties; *And provided, further,* that the stamp duties imposed by the foregoing Schedule B on manifests, bills of lading, and passage tickets, shall not apply to steamboats or other vessels plying between ports of the *United States* and ports in *British North America.*

"Affidavits in suits or legal proceedings shall be exempt from stamp duties."

We quote this, being the latest act, because it involves the question to be decided, which is, has Congress power to tax legal proceedings in the State Courts?

The powers of Congress are delegated by the Constitution; and "the powers not delegated to the *United States* by the Constitution, nor prohibited by it, to the States, are reserved to the States respectively, or to the people."

We start out, then, with the constitutional fact that State governments are to exist concurrently with the *United States* government, possessed of independent powers, beyond the control of the *United States* government; for they, and their people, possess all powers not granted to the *United States.* State governments, then, are to exist.

The powers delegated to the general government are specified in sec. 8 of art. 1. Section 9 of the same article contains restrictions and limitations on the powers granted generally in section 8, and section 10 of the same article contains the prohibitions upon the States.

Section 8 of art. 1, delegates power to Congress to organize Courts, and therein, we may here remark, delegates to Congress power both to authorize the issue, and to suspend the issue of the writ of *habeas corpus,* because that is a judicial writ, and the power to organize Courts includes the power of

determining what writs they may issue, or not issue, from time to time; hence it was necessary to place the restriction upon the power thus delegated to Congress to legislate for the Courts which is contained in sec. 9, viz : that *Congress should not*, in so legislating, withhold from them the right to issue the well known judicial writ of *habeas corpus*, except, &c.

But there is no express delegation of power in the Constitution to Congress to legislate for State Courts, and none ought to be delegated incidentally.

The Constitution, in sec. 8, delegates to Congress the power to lay and collect taxes, duties, imposts and excises; but no direct tax shall be laid unless in proportion to the census, and duties, imposts and excises must be uniform, &c.

The Constitution seems to contemplate three kinds of taxes as within the power of Congress, viz :

1. Direct taxes.
2. Duties or imposts.
3. Excises.

Such taxes Congress may lay and collect; and it certainly is not clear that it can any other. 1 Story on Const., §§ 950, 951, *et seq.* The stamp tax upon legal documents does not fall within either of these classes. It is a tax on the right to justice. See Smith's Wealth of Nations, p. 371; Say's Pol. Economy, 6th Am. ed., p. 460, note; New Am. Cyclopedia, vol. 7, p. 365. *John Stuart Mill,* in his late work on Political Economy, classes this description of tax under the head of, "some other taxes," vol. 2, p. 460; and on p. 465 of the same volume he says: "In the enumeration of bad taxes, a conspicuous place must be assigned to law taxes; which extract a revenue for the State from the various operations involved in an application to the tribunals. Like all needless expenses attached to law proceedings, they are a tax on redress, and therefore a premium on injury." He says they have been

mostly abolished in *England*, since their injustice was so clearly demonstrated by *Bentham.* See Say, *supra.*

But conceding for the purposes of this case that Congress may lay and collect stamp taxes, we hold that they can not be laid, by that body, on proceedings in the State Courts. This question is not entirely new. In 1797 Congress passed a stamp act. The point was then made, that Congress could not even require a license from attorneys to practice in State Courts, but might to practice in the *United States* Courts; and the law then enacted respected the rights of the States in these particulars. Bent. Deb., vol. 2, p. 155; Story's Laws of United States, vol. 1, p. 466.

State governments, as we have seen, are to exist with judicial tribunals of their own. This is manifest all the way through the Constitution. This being so, those tribunals must not be subject to be encroached upon or controlled by Congress. This would be incompatible with their free existence. It was held when Congress created a *United States* bank, and is now decided when the *United States* has given bonds for borrowed money, that as Congress had rights to create such fiscal agents and issue such bonds, it would be incompatible with the full and free enjoyment of those rights to allow that the States might tax the bank or bonds; because, if the right to so tax them was conceded, the States might exercise the right to the destruction of congressional power. The argument applies with full force to the exemption of State governments from federal legislative interference.

There must be some limit to the power of Congress to lay stamp taxes. Suppose a State to form a new or to amend her existing Constitution, could Congress declare that it should be void unless stamped with a federal stamp? Can Congress require State legislatures to stamp their bills, journals, laws, &c., in order that they shall be valid? Can it require the

Executive to stamp all commissions? If so, where is he to get the money? Can Congress compel the State legislatures to appropriate it? Can Congress thus subjugate a State by legislation? We think this will scarcely be pretended. Where then, is the line of dividing power in this particular? Could Congress require voters in State and corporation elections to stamp their tickets to render them valid?

Under the old confederation Congress legislated upon States, not upon the citizens of the State. The most important change wrought in the government by the Constitution was that legislation operated upon the citizens directly, enforced by federal tribunals and agencies, not upon the States.

Another established constitutional principle is that the government of the *United States*, while sovereign within its sphere, is still limited in jurisdiction and power to certain specified subjects. See *Hopkins v. Jones, post.* p. 310.

Taking these three propositions, then, as true:

1. States are to exist with independent powers and institutions within their spheres.

2. The Federal government is to exist with independent powers and institutions within its sphere.

3. The Federal government operates, within its sphere, upon the people in their individual capacities, as citizens and subjects of that government, within its sphere of power, and upon its own officers and institutions as a part of itself.

Taking these propositions as true, we say, it seems to result as necessary to harmony of operation between the Federal and State governments, that the Federal government must be limited, in its right to lay and collect stamp taxes, to the citizens, and their transactions as such, or as acting in the Federal government, officially or otherwise; and can not be laid upon and collected from individuals on their proceedings when acting, not as citizens, transacting business with each other, as such, but officially, or in the pursuit of rights and duties

in and through State official agencies and institutions. When thus acting, they are not acting under the jurisdiction nor within the power of the *United States;* not acting as subjects of that government; not within its sphere of power over them; and neither they nor their proceedings are subject to interference from the *United States.* Can Congress regulate, or prescribe the taxation of, costs in a State Court? The Federal government may tax the Governor of the State, or the clerk of a State Court, and his transactions as an individual, but not as a State officer. This must be so, or the State may be annihilated at the pleasure of the Federal government. The Federal government may, perhaps, take, by taxation, most of the property in a State, if exigencies require, but it has not a right, by direct or indirect means, to annihilate the functions of the State government.

*Robert Lowry,* for the appellant.

*John H. Baker,* for the appellee.

