## GOODWINE *v.* WANDS.

REVENUE STAMP—CANCELLATION.—If, under the provisions of the internal revenue law, an appeal bond requires a fifty cent revenue stamp to be attached, the bond is not void for a failure to cancel the stamp.

APPEAL from the *Warren* Common Pleas.

GREGORY, J.— *Wands* sued *Goodwine*, before a justice of the peace, for $6 75, and recovered a judgment therefor by default. *Goodwine* appealed to the Common Pleas Court, and there filed an answer; among other things, a set off, claiming judgment against *Wands* for $100.

On *Wands'* motion, the court below dismissed the appeal, on the ground that the appeal bond was not properly stamped, as required by the revenue law of the *United States*. The facts disclosed by the record show that the appeal bond was executed on the 10th of *November*, 1864, and filed with the transcript in the clerk's office of the court below on the 7th of *December* following, at which time there was on the bond a proper revenue stamp, marked with the initials of the justice, dated *December* 10, 1864. There was no other evidence as to when, in point of fact,

the revenue stamp was affixed.   The cancellation could not have been made at the date of it.   The probability is that the justice wrote "*December*," by mistake, for *November*.

It is urged that this court has no jurisdiction, the amount in controversy being less than $10.   There is nothing in this.   Under the set off the appellant may recover any sum within the amount claimed by him in his answer.

It remains then to inquire, did the court below err in dismissing the appeal?

Bonds required in legal proceedings are not subject to stamp duty under the law of Congress; but it is claimed that in States where an appeal bond is made the means of transferring the cause from the inferior to ,the superior court, and no other writ is required, the bond is in the nature of process, and within the clause of ,schedule B, of the internal revenue act, providing that "on writs or other process, on appeals from justices' courts, or other courts of inferior jurisdiction, to a court of record, fifty cents."   If it be admitted that appeal bonds executed in this State, under our statute, are within this clause, which we greatly doubt, it would remain to inquire, what is the effect of an omission to cancel the stamp as required by law?   Section 156 of the internal revenue act of *June* 30, 1864, provides "that in any and all cases where an adhesive stamp shall be used for denoting any duty imposed by this act, except as hereinafter provided, the person using or affixing the same shall write thereupon the initials of his name and the date upon which the same shall be attached or used, so that the same may not again be used.   And if any person shall fraudulently make use of an adhesive stamp to denote any duty imposed by this act, without so effectually canceling or obliterating such stamp, except as before mentioned, he, she or they shall forfeit the sum of $50."

Section 158 of the same act provides "that any person or persons who shall make, sign, or issue, or who shall cause to be made, signed or issued, any instrument, docu-

ment or paper of any kind or description whatever, or shall accept or pay, or cause to be accepted or paid, any bill of exchange, draft, order or promissory note, for the payment of money, without the same being duly stamped, *or having thereupon an adhesive stamp for denoting the duty chargeable thereon,* with intent to evade the provisions of this act, shall, for every such offense, forfeit the sum of $200, and such instrument, document or paper, bill, draft, order or note shall be deemed invalid and of no effect."

The bond in question had on it a stamp *denoting the duty chargeable thereon,* and is not void within the letter of the last cited section, and we are not inclined to extend its operation by intendment.

This court, in the case of *Warren* v. *Paul,* 22 Ind. 276, held that the provision of the internal revenue act requiring writs in state courts to be stamped is not within the sphere of the legislative power of the Federal Government, and is inoperative. The reasoning in that case is by no means satisfactory, but the Supreme Court of *Wisconsin,* in the case of *Jones et al.* v. *The Estate of Keep,* in an elaborate opinion, have lately held the same way, DOWNER, J., dissenting. We do not propose, however, to examine the ruling in these cases, as it is not necessary to the determination of the case in judgment.

The question of the constitutionality of an act of Congress, affecting the validity of writs of the state courts, so intimately connected with the daily administration of justice in our domestic tribunals, is one of grave importance, and great delicacy, and ought not to be determined but upon the fullest consideration.

It may be that the maker of the bond incurred a penalty under section 156 of the revenue act, *supra,* but we do not think the bond void for that reason. We think, taking the two sections from which we have quoted together, that it was not the intention of Congress to declare void an instrument having on it a stamp denoting the duty chargeable

thereon on account of the accidental omission to cancel the stamp as required by section 156.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the motion to dismiss the appeal, and for further proceedings.

*J. B. Davis* and *W. P. Rhodes*, for appellant.

*J. McCabe*, for appellee.