HON. LOYAL C. KELLOGG,
HON. ASAHEL PECK, } ASSISTANT JUDGES,
HON. BENJAMIN H. STEELE.

---

## HENRY HITCHCOCK *v.* ORIN SAWYER.

### *Stamp Act. Revenue Stamps on Writs.*

Under the Act of Congress, approved June 30th, 1864, " entitled an act to provide internal revenue," etc., the instrument is not forfeited, nor is the penalty incurred by an *accidental* omission to affix a United States Internal Revenue Stamp thereon. The forfeiture of the penalty and the forfeiture of the instrument are both embraced in one entire, connected proposition, and both rest on the same facts, the omission of the stamp, *with intent to evade the provisions of the act.*

Therefore a motion to dismiss a suit for the reason that no stamp was affixed to the writ, without alleging that the omission was with intent to evade the provisions of the statute was held insufficient.

THIS was an action on book account, originally commenced before a justice of the peace, and came to this court by appeal by the defendant. The writ bears date September 19th, 1864 ; the *ad damnum* and sum demanded in the declaration are each one hundred dollars. The record did not show that a United States revenue stamp was affixed to the original writ issued by the justice.

The defendant filed in the county court his motion to dismiss said suit for the reason that the writ was issued without having thereto affixed a United States internal revenue stamp of the denomination of fifty cents.

The court at the December Term, 1864, BARRETT, J., presiding, *pro forma*, sustained said motion, and dismissed the suit,—to which decision the plaintiff excepted.

*Sewall Fullam*, for the plaintiff.

We insist that the court erred in dismissing this suit on motion. 1st. Because congress has no power to say the process of a state court shall be in any particular form, or possess any particular requisite. *Warren* v. *Paul*, Law Rep., Sept. No., 1864, p. 157. 2d. The act has not declared proceedings of this kind void. 3d. It should not have been dismissed on motion. By the Revenue Act, p. 85, § 158, provision is made that the documents therein named "*if issued with intent to evade the provisions of this act, shall be deemed invalid and of no effect.*" This *intent* is an issuable matter, and can only be tried on plea.

*Gilbert A. Davis*, for the defendant.

The opinion of the court was delivered by

PECK, J. This case was argued at the February Term, 1865, and held for consideration principally to await the argument of some other cases pending and involving similar questions. The county court having sustained the motion and dismissed the writ, it must be assumed that that court found the facts alleged in the motion to dismiss to be true as alleged. The writ bears date September 19th, 1864, and it appears that the same, or a like motion was

filed before the justice to whom the writ was returnable. The question arises whether the fact set forth in the motion is a legal ground of dismissing the action, under the act of congress, approved June 30th, 1864, entitled "an act to provide internal revenue to support the government, to pay interest on the public debt and for other purposes," which, so far as relates to stamp duties, went into operation August 1st, 1864. The fact set forth in the motion is, "that the writ in said cause was issued without having thereto affixed a United States internal revenue stamp of the denomination of fifty cents, as by law required, as will appear by reference to the files and papers in this case." The act of congress, section 158, provides, "that any person or persons, who shall make, sign or issue, or who shall cause to be made, signed or issued, any instrument document or paper of any description whatever," etc., "without the same being duly stamped, or having thereupon an adhesive stamp for denoting the duty chargeable thereon, with intent to evade the provisions of this act, shall for every such offence forfeit the sum of two hundred dollars, and such instrument, document or paper," etc., "shall be deemed invalid and of no effect."

In order to sustain the *pro forma* ruling of the county court dismissing the suit, we must hold that the simple fact that the writ issued without a stamp, renders it invalid without reference to the intent of the person issuing or causing it to be issued, as the motion does not allege that the omission of the stamp was "with intent to evade the provisions of this act." This section is penal in its character, both as to the forfeiture of the pecuniary penalty and as to the forfeiture of the instrument, document or paper. In order to the incurring of the penalty it must appear that the offence has been committed. The act expresly makes the intent to evade the provisions of the act a necessary ingredient of the offence, and then provides that the offender "shall *for every such offence* forfeit the sum of two hundred dollars, and such instrument, document or paper," etc., "shall be invalid and of no effect." The words, *"such instrument,"* mean an instrument in reference to which the offence has been committed. It is clear that an indictment, complaint or declaration for the pecuniary penalty would be bad without an allegation that the omission

of the stamp was with intent to evade the provisions of the statute. The same construction applies to the forfeiture of the instrument as to the pecuniary penalty. The forfeiture of the two hundred dollars, and the forfeiture of the instrument are both embraced in one entire, connected proposition, and both rest on the same facts, the omission of the stamp with intent to evade the provisions of the act. Had the legislature intended to render the instrument or document, void by the mere accidental omission of the stamp without reference to the intent of the party, the phraseology after the imposition of the penalty of $200. would have been changed, and the language would have been that any instrument, document or paper, not having upon it the stamp required, shall be deemed invalid and of no effect. Had such been the language it might well be claimed that an intent to evade the provisions of the act was intended to apply only to the pecuniary penalty, but this is not the import of the language used. The offence is not committed without an intent to evade the provisions of the statute, and the instrument or document is not declared forfeited unless the offence is committed. There is but one offence created by the statute. Had the language been like that of the English statute, that no instrument " liable to be stamped as directed by this act, shall be pleaded.or given in evidence in any court, or admitted in any court to be good, useful or available in law or equity, unless the same be duly stamped," the construction would be otherwise.

Had congress intended to make such an absolute provision, language would have been used more appropriate to express the idea. The case cannot be likened to our statutes requiring certain contracts to be in writing, and prescribing the mode of executing certain instruments, such as the statute requiring two subscribing witnesses to a deed of real estate, and that requiring three subscribing witnesses to a will, in which the requirement is absolute, without reference to the intent of the party. In such statutes the purpose of the legislature is to prescribe the necessary requisites of the instrument to protect the parties against fraud and imposition. Congress had no such object in view, that being a subject of state legislation. The object of congress was collateral, to raise revenue, and whatever power congress has to declare the instrument

.void is incidental to the power to raise revenue. The provision invalidating the instrument is punitory and cannot be extended beyond the expressed will of the legislature. It is a punishment visited upon the offender to ensure the payment of the duty imposed, and the offence is made to consist, not in the accidental, but in the intentional omission of the stamp with the purpose of evading such duty. This is the import of the language of the act. This conclusion is the more clear when it is considered that penal provisions of a statute must be construed strictly in favor of the party against whom the penal consequence is sought to be enforced, and that in order to have the penalty attach, the case must come within the words and within the spirit of the penal provision. The court cannot, for the purpose of enforcing a compliance with the statute, dispense with an element made by the act necessary to the forfeiture. Section 163 of the act in question provides that instruments and documents theretofore executed and required to be stamped shall not be admitted or used as evidence in any court until legally stamped, and provides that they may be stamped in presence of the court. This provision is confined to instruments and documents executed under previous acts of congress, and has no reference to papers executed under this act of 1864. Section 95 of the act of congress of July 1st, 1862, is substantially and almost literally the same as section 158 of the act of June 30th, 1864, except it does not contain the words, "with intent to evade the provisions of this act." In copying that section into this act of 1864, and inserting these words, it is evident that congress intended to confine the penal consequences of a non compliance with the act to cases of an intentional violation of its provisions.

As the motion does not allege an intent to evade the provisions of the statute, it is insufficient.

What inference should be drawn by the triers of the facts, from the omission of the stamp unexplained by the party making, issuing or using the document, it is not necessary to decide, but the intent must be alleged and found in order to render the document invalid. This court can not intend that the county court, found what is not alleged.

This construction of the act renders it unnecessary to decide the question argued, as to its constitutionality.

Judgment reversed, and judgment that the defendant answer over, and case remanded to the county court.