JOHN Y. HALLOCK AND CHRISTIAN CHRISTIANSEN *v.* E. JAUDIN AND KENNEDY, COMPOSING THE FIRM OF E. JAUDIN & CO.

JUDGMENT BY DEFAULT.—A judgment by default is a final judgment.

APPEAL FROM JUDGMENT BY DEFAULT.—As to the right of appeal, there is no distinction between judgments by default and judgments after issue joined and a trial. An appeal lies from a judgment in either form within one year after its rendition.

ERROR ON APPEAL FROM FINAL JUDGMENT.—No distinction exists, as to the right of appeal from final judgments, or the right of review of errors on appeal, between cases formerly denominated cases at law, and cases in equity.

ORIGINAL AND APPELLATE JURISDICTION.—It is not the exercise of original jurisdiction for this Court to review errors on appeal from judgments by default, although, *as matter of fact*, the points presented for review were not passed on by the Court below. As matter of law, the Court below is deemed to have rendered the judgments by default, where, in pursuance of the statute, they were entered by the Clerk, without the direction of the Judge.

REVERSAL OF JUDGMENTS FOR ERROR.—No distinction exists between judgments by default and others, as to the class of errors for which they will be reversed by this Court on appeal. The rule, in every case, is that the judgment will not be reversed for such defects in the complaint as fall short of an entire want of something which is material to the plaintiff's right to recover.

IDEM.—This Court will not reverse a judgment for alleged defects in the com-

plaint, where it can be gathered therefrom as a whole that the plaintiff had a cause of action upon which he was entitled to the judgment rendered, however defectively his cause of action may have been stated.

INTERNAL REVENUE STAMP ON NOTE.—An internal revenue stamp on a note, as prescribed by the Federal Internal Revenue Laws, is no part of the note.

IDEM—DEMURRER FOR WANT OF.—A demurrer will not lie to a complaint, declaring on a promissory note, which fails to show or aver that the note was duly stamped.

DEFENSE TO A PROMISSORY NOTE FOR WANT OF STAMP.—In order to defeat a recovery on an unstamped note, it must appear that the stamp has been fraudulently omitted.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action on a promissory note. Plaintiffs had judgment by default in the Court below, and defendants appealed. The complaint was as follows:

[*Venue.*]

" JOHN Y. HALLOCK, and
CHRISTIAN CHRISTIANSEN,
            *Plaintiffs,*
            *v.*
E. JAUDIN & G. KENNEDY,
    Composing the firm of
    E. JAUDIN & Co.,
            *Defendants.*

" CITY AND COUNTY OF SAN FRANCISCO—ss.

" The plaintiffs in this suit complain of the above defendants, and allege that on the 15th day of August, 1866, the said defendants made their certain promissory note in writing, in the words and figures following, to wit:

'SAN FRANCISCO, August 15th, 1866.

' Sixty days after date, for value received, we promise to pay to Mr. Isidor Landsberger or order, in U. S. gold coin, the sum of thirty-five hundred and ninety 00-100 dollars.

                                'E. JAUDIN & Co.
' $3,590 00-100.'

" That the said defendants delivered the said note to the

payee thereof, who afterwards, on the same day, indorsed in writing and delivered the same to the said plaintiffs, who ever since have been and still are the holders, and entitled to the payment thereof.

" That the said note is due and payable, and payment thereof has been demanded at the day the same became due and often thereafter, but to pay the same or any part thereof the said defendants have hitherto refused, and still do refuse.

" Wherefore plaintiffs pray judgment for the sum of thirty-five hundred and ninety dollars in United States gold coin, with interest till paid, besides costs.

" CLARK & CARPENTIER,<br>
" Attorneys for Plaintiffs."

The other facts are stated in the opinion of the Court.

*R. R. Provines*, for Appellants.

1. The complaint does not state facts sufficient to constitute a cause of action, in this : there is no allegation to the effect that, at the time of making and delivering the note sued on, the defendants were partners, nor that they executed the same by their firm name. (*Teller* v. *Muir*, 2 Pennington, 749; *Jerome* v. *Stebbins*, 14 Cal. 458 ; *Johnson* v. *Santa Clara Co.*, 28 Cal. 54; *Green* v. *Palmer*, 15 Cal. 416; *Price* v. *McClave*, 6 Duer, 544.)

The words " composing the firm of E. Jaudin & Co." found *in the title of the cause*, do not amount to an averment of the existence of a partnership at any time, much less at the time of the making and delivery of the note, and do not supply the want of any necessary averment in the body of the complaint. These words are mere description of the persons intended to be sued. The words are in the *present* tense, " *composing* the firm," etc. If they are to be regarded as an allegation at all, it can only be as an allegation to the effect that " this suit is brought by the plaintiffs against J. and K., who now compose the firm of E. J. & Co." (*O.*

*Bank* v. *Van Rensselaer*, 6 Hill, 240; *Merritt* v. *Seaman*, 2 Selden, 171, and cases there cited; *Sheldon* v. *Hoy*, 11 How. Pr. 11.

2. This is an action of assumpsit, with the assumpsit left out; no *promise* is alleged in the complaint. The gist of the action is the promise, and that must be averred; otherwise the complaint is bad, even after verdict and judgment; and this, notwithstanding the note is set out *in hæc verba* in the complaint. The setting out of the note does not supersede the necessity of making the proper allegations, nor of pleading the instrument according to its legal effect; but sufficient facts must be alleged to constitute a cause of action, exclusive of the instrument set out. (*Cooke* v. *Simms*, 2 Call, 48; *Candler* v. *Rossiter*, 10 Wend. 487; *Bender* v. *Manning*, 2 N. H. 289; *Bruner* v. *Stout*, Hardin, 225; *Dodd* v. *King*, 1 Met., Ky., 430; *Hill* v. *Barrett*, 14 B. Mon. 86, 87.

3. The note sued on bears no United States revenue stamp, and is therefore void. It could not form the basis of an action or judgment. (Acts of Congress of 1863-4, p. 291, Sec. 151, p. 293, Sec. 158, and Schedule B, p. 298; and Acts of 1864-5, p. 481.)

*Clark & Carpentier*, for Respondents.

1. The errors complained of (if any exist) should have been corrected in the Court below.

This appeal was taken only two days after judgment by default was entered, no attempt being made to set aside the judgment by motion. This is a Court of appeals, and the cases are very rare, which will permit the examination of a question not raised in the Court below, and where *no error* has been in fact committed by the District Court. (*Gelston* v. *Hoyt*, 13 Johns. 576; *Guy* v. *Ide*, 6 Cal. 99; *Sutter* v. *Cox*, 6 Cal. 415; *Hentsch* v. *Porter*, 10 Cal. 555, 562. See, also, *Duff* v. *Fisher*, 15 Cal. 375; *Whitney* v. *Buckman*, 13 Cal. 536; *Phelan* v. *Ruiz*, 15 Cal. 90.) In *Mott* v. *Smith*, 16 Cal. 555, Mr. Justice Field undoubtedly

states the true rule thus : " To entitle objections to consideration here, they must be presented to the Court below in the first instance. Throughout our reports we find that this Court favors a motion to the Court in which the judgment is entered to correct errors, or to arrest the judgment." (*Comstock* v. *Clemens,* 19 Cal. 80 ; *Gregory* v. *Ford,* 14 Cal. 143.) If the error complained of is susceptible of correction, the Court below can alone make the appropriate order so as to enable the plaintiff to amend without injury or delay, whereas this Court, on appeal, cannot practically administer the *quasi* equitable relief which the plaintiffs ought to have, even though inaccuracies may have slipped into the case. In New York, a judgment for want of an answer cannot be impeached by appeal. (*Dorr* v. *Birge,* 18 Barb. 351 ; *Pope* v. *Dinsmore,* 8 Abbott Pr. 429 ; *Jones* v. *Kip,* 7 N. Y. Legal Abs. 91.)

2. The complaint is sufficient to sustain a judgment by default, and would even be good on demurrer. In the title of the action, the names of the defendants are " specified " as composing the firm of E. Jaudin & Co. (Practice Act, Sec. 39 ; *Rowe* v. *The Table Mountain Water Co.,* 10 Cal. 444 ; *Smith* v. *Eureka Flour M. Co ,* 6 Cal. 6 ; *Lewis* v. *Clarkin,* 18 Cal. 399 ; *Milliken* v. *Hall & Co.,* 5 Cal. 246.) The New York cases all concur, that even the objection that the complaint does not state facts sufficient to constitute a cause of action, is waived, unless it is raised in some form in the Court below. (See cases cited under our first point.) In this State it is chiefly in equity cases that a contrary practice has grown up. (*White* v. *Fratt,* 13 Cal. 525.) " The facts constituting the cause of action are alone required to be stated." (Practice Act, Sec. 38.) And where the contract is set out at length, its promises are to be treated as averments of liability, and a false construction of it will be regarded as surplusage. (*Stoddard* v. *Treadwell,* 28 Cal. 303.) If the complaint were inartificially drawn, the plaintiffs ought to be protected from this attempt to reverse the judg-

ment, under the benign provisions of sections seventy and seventy-one of the Practice Act.


By the Court, SANDERSON, J.:

I. As to the right of appeal, there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction. From this it follows that all errors disclosed by the record can be reviewed and corrected on an appeal from the former class of judgments as well as the latter. This is too plain for argument, and we do not hesitate to declare that all cases which are to the contrary are unsupported by any provision of the law by which the jurisdiction and practice of this Court is regulated. To hold otherwise would be to create a distinction where the law has not, which we have no power to do. There are some cases, no doubt, which support the theory of the learned counsel for the respondents, but we have no respect for them. Some of them go upon the ground that a defaulting defendant has six months in which to seek relief from the judgment in the Court below, and therefore he has no occasion to appeal. That is to say, that he cannot appeal for six months, but he may after that time is passed. Such language is unwarranted by anything found in the Practice Act. On the contrary, the language of that Act is that an appeal may be taken from a final judgment at any time within one year after its rendition, and the Courts have no right or power to make it speak a different language, or to say that one class of final judgments and not another was intended. Besides, it is not universally true that a defaulting defendant has a remedy in the lower Court under the provisions of the sixty-eighth section. But if it were, the result contended for would not follow. Alternative remedies are common, and where they are provided a party has his

election, and it is not for the Courts to dictate one or the other.

Nor is there any force in the idea that a distinction is to be made between cases which were once denominated cases at law and cases which were once called cases in equity, and that on appeal from judgments by default this Court will review errors in the latter cases and not in the former. There is matter in some of the cases cited by respondents which gives color to such an idea; but we say of them, as we have said of the others, there is no foundation for the distinction.

Nor is there any force in the suggestion that this Court will exercise original instead of appellate jurisdiction if it entertains the points made on this appeal. It is true that as a matter of fact the Court below has never passed upon the sufficiency of the complaint, yet it is equally true that as a matter of law it has. Though entered by the Clerk without the direction of the Judge, it is as much the judgment of the Court as if it had been announced from the bench, and the defendants are as much entitled to the opinion of this Court upon the sufficiency of the complaint as they would have been had they appeared and demurred. Questions of jurisdiction and of the sufficiency of the complaint, upon the point whether the facts stated constituted a cause of action, are never waived in any case, and may be made for the first time in this Court.

The idea which finds countenance in some of the cases cited by the respondents, that at all events this Court will deal more liberally with judgments by default than with others, and will pass over errors for which it would reverse a judgment rendered upon a trial, we here take occasion to say, is without any foundation. It is true that we will not reverse a judgment by default for mere technical defects in the complaint which fall short of an entire want of something which is material to the plaintiff's right to recover. So the cases referred to declare, and in this respect they are sound. The error in those cases was in giving countenance

to the implication that the Court would do so in any case by not declaring the rule to be universal. On the question of reversal, this Court can make no distinction between judgments by default and judgments upon issue joined and tried, for the statute makes none. It will reverse the former where it would the latter.

II. The general objection made to the complaint is that it does not state facts sufficient to constitute a cause of action. The particular objections are: 1st. That it does not allege that the defendants were copartners in business at the time the note was made, and that the firm made it; 2d. That it does not aver a promise to pay; and 3d. That it does not aver or show that the note has upon it a United States revenue stamp.

While the complaint is obnoxious to criticism in respect to the first two objections, and would have undoubtedly been more artistic and logical had it been drawn in the manner for which counsel for appellants contend, yet we think it would be sticking in the bark to hold that it is radically defective. As already intimated, this Court will not reverse a judgment for defects in the complaint which fall short of an entire absence of material and indispensable matter. It will not reverse if it can be gathered from the complaint as a whole that the plaintiff has a cause of action upon which he was entitled to the judgment which has been rendered, however defectively his cause of action may be stated. A distinction must be made between a case where the complaint affords no information at all as to a material point and where it affords information, but not by the usual or most approved methods. Now upon the facts of partnership and promise this complaint is not entirely destitute of information. If it does not state those facts altogether in words of its own, it does so partially in its own language and partially in the language of the defendants, for the complaint contains a copy of the note, in which the defendants speak for themselves. While the fact of partnership is not formally averred in the body of the complaint, yet the names of both defend-

ants are given in the title, and they are there described as composing a firm under the name and style by which the note is executed. While the allegation is that the defendants made the note, thus being obnoxious to the criticism of counsel upon the other side, that it may have been made by them in their individual capacities, yet the note explains the matter and shows that it was made by them in their partnership capacity or by the firm. While there is no direct averment that they promised to pay the note, yet the note itself shows that they did. While there is no direct averment that they were partners at the time the note was made, yet the note shows that they were. Undoubtedly the complaint verges close upon the line between good and bad, but we think, in the respects under consideration, that it is within the rule in *Stoddard* v. *Treadwell*, 26 Cal. 302.

The point that the complaint fails to show a cause of action, because the copy of the note therein contained is without a copy of any internal revenue stamp, is not tenable. In *Trull* v. *Moulton*, 12 Allen, 396, and *Hitchcock* v. *Sawyer*, 39 Vt. 412, a copy of the note declared on was annexed to the declaration. No copy, however, of a revenue stamp was given. The defendant demurred, but the Court held that the stamp was no part of the note, and that therefore a copy of it was not necessary.

In order to defeat a recovery on an unstamped note it must appear not only that the note is unstamped, but that the stamp has been fraudulently omitted, which of course cannot be done on demurrer to the complaint, but must be done by answer. (*Beebe* v. *Hutton*, 47 Barb. 187 ; *Desmon* v. *Norris*, 10 Allen, 250. See, also, *Bradley* v. *Bardsley*, 14 M. & W., 878 ; Edw. on Stamp Act, 213 ; *Huddleston* v. *Briscoe*, 11 Ves. 596 ; 1 Chit. Pl. 289 ; *Lane* v. *Mullins*, 1 Gale & D. 712.)

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.