*Day, C. J.
On the 3d day of September, 1864, the defendant in error obtained a judgment against the plaintiff in error, before a justice of the peace. An appeal was taken by the plaintiff in error to the court of common pleas. The defendant in error moved to dismiss the appeal, for the reason that the transcript, by which the ease was appealed, was not stamped as required by the revenue laws of Congress. The motion was sustained.
It appears from the bill of exceptions that the appeal was, in all1 respects, in conformity to the laws of this state; that the court refused to permit the plaintiff in error to affix to the transcript the proper revenue stamp; and that the appeal was dismissed for the want of such stamp. Exceptions were duly taken to the refusal of the court to permit the transcript to be stamped, and to the order dismissing the appeal.
On petition in error, the district court affirmed the judgment of the court of common pleas. This petition in error is brought to reverse these judgments.
The provisions of the act of Congress “to provide internal revenue,” passed June 30, 1864, required the transcript, or some instrument necessary to perfect the appeal, to be stamped. 15 U. S. Stat. 291, sec. 151. But whether the absence of the revenue stamp required by the act rendered the transcript void and the appeal a nullity, as held by the courts below, depends on the construction to be given to the 158th section of the act, which is as follows:
“ That any person or persons who shall make, sign, or issue, or who shall cause to be made, signed, or issued, any instrument, document, or paper of any description whatever, . . . without the *178 «ame being duly stamped, or having thereupon an adhesive stamp for denoting the duty chargeable thereon, with intent to evade the provisions of this act, shall, for every such offense, forfeit the sum •of two hundred dollars, and such instrument, document, or paper, . . . shall be deemed invalid and of no effect.”
It is this section of the act, if any, that invalidates the appeal, by rendering the transcript on which it is based of no legal effect. It is important, then, to find its true meaning. The only purpose of the section is to define an ^offense, and to declare what shall be the penalty for committing the offense. The penalty imposed is .as much the forfeiture of the unstamped instrument as it is the sum of two hundred dollars. The offender is equally subjected to both penalties. But before he can be subjected to either, the offense must be committed. There is no offense unless the stamp be omitted “ with intent to evade the provisions of this act.” It is only “for every such offense ” that the penalty is incurred. The instrument invalidated is “such instrument” as subjects the offender to the penalty imposed. The forfeiture of both the two hundred dollars and the instrument are embraced in a single proposition, and both rest on the same facts — the omission of the stamp in fraud of the act.
That this construction is in accordance with the meaning and intent of the section, is rendered more clear by reference to the ■95th section of the revenue act of July 1, 1862, viz: “That if any person or persons shall make, sign, or issue, or cause to be made, •signed, or issued, any instrument, document, or paper of any kind or description whatsoever, without the same being duly stamped for denoting the duty imposed thereon, or without having thereupon an adhesive stamp to denote said duties, such person or persons «hall incur a penalty of fifty dollars, and such instrument, document, or paper as aforesaid, shall be. deemed invalid and of no effect.” The 158th section of the act of 1864 was substituted for this; and it will be seen that the original section, so far as relates to the question in hand, is the same as the substitute, except that it does not contain the words “ with intent to evade the provisions of this act.” In the modification of that section in the act of 1864, by inserting these words, it is evident that it was intended to confine the penal consequences of an omission to comply with the act to cases of an intentional violation of its provisions. Accordingly, the pecuniary forfeiture was increased from fifty dollars to two *179 hundred. This view is further strengthened by the fact that, by the 163d section of the act of 1864, provision was made for stamping, and thus making valid all instruments made before the passage of that act which were rendered void for the want of a stamp by the act of 1862. But this provision was not*extended to paper subsequently made, although the stamp may have been omitted by inadvertence. This difference is in harmony with the spirit of the act, only upon the ground that there was no occasion for such a provision in an act that, for the future, imposed no forfeiture of paper on which the stamp was not willfully omitted.
It may not be material to notice the amendments of the internal revenue act since the ruling of the court complained of, in the fall of 1864; but they are, at least, in harmony with the construction we have given to the act as it then stood.
The 158th section was amended by the act of March 3, 1865. The penalty was again reduced to fifty dollars, and provision was made for affixing the proper stamp to any instrument from which it had been omitted, either in fraud of the act, or by ignorance or inadvertence. This was evidently done both for the purpose of increasing the revenue, and to avoid the forfeiture of unstamped instruments.
This section was again amended by the act of July 13,1866, by inserting a sentence in the penal clause, to make it read, that the offender “ shall, for every such offense, forfeit and pay the sum of fifty dollars; and such instrument, . . . not being stamped according to law, shall be deemed invalid and of no effect.” Whether the clause, “not being stamped according to law,” was inserted merely to save instruments stamped, as provided in the subsequent part of the section, from forfeiture, or for the purpose of invalidating all unstamped instruments, the amendment, in either case, does not weaken, but, in the latter case, materially sustains our construction of the act of 1864.
Although this section is penal in its character, and should, therefore, be construed strictly in favor of the party against whom its penalties are invoked, still, we might well hesitate to limit its penal consequences to paper not stamped in fraud of the act, if thereby the object of the act of Congress — raising revenue for the government — would be defeated. We do not think that this would be the result; for it docs not follow that unstamped paper, though not invalidated by the section under consideration, would be available to *180 a party without the requisite stamp. If the record of an instrument *is desired, it must be stamped before it is recorded for, without it, the record is rendered “ utterly void ” by the 152d section of the act. Nor does it follow that an unstamped instrument could be used as evidence, or enforced, until the proper stamp, ia affixed, for the reason that the stamp is required by law; and a refusal to comply with its requisitions would be evidence of an, omission to stamp, in fraud of the law.
It follows, under our construction of the act of 1864, that an unstamped instrument can not be held void by that act, until it be-found that the stamp was omitted with intent to evade the provisions of the act. It is unnecessary to decide, in this case, what, should be implied from the omission of the stamp, unexplained, or-upon whom the burden of proof rests; for if it be conceded that it was not necessary to prove the intent, and that it might be inferred from the absence of the stamp, still, it can not be denied-that this inference might be rebutted by the defendant. But the court held that the absence of the stamp was conclusive, and rendered the transcript, upon which the appeal was based, utterly, void. The defendant was not, therefore, permitted to stamp the-transcript, or to rebut any inference against him of an intent to evade the provisions of the revenue act. The court erred in refusing to allow the defendant to stamp the transcript, and in, closing the door to the first step in rebuttal of a fraudulent omission of the stamp.
The construction we have given to the act of 186.4, is sustained by the weight of authority that has come to our notice. Hitchcock v. Sawyer, 39 Vt. 412; Beebe v. Hutton, 47 Barb. 187; Dorris v. Grace, 24 Ark. 326; Desmond v. Norris, 10 Allen, 250; Crull v. Moulton, 12 Allen, 396; Toby v. Chipman, 13 Allen, —; McGovern v. Hoesback, 53 Penn. 176.
Opposed to these authorities, the Supreme Court of Iowa, in a. case precisely like this, held that an appeal was properly dismissed, however, “not without some doubt.” Hugus v. Stickler, 19 Iowa, 413. The same construction was given to the act, after much consideration on a rehearing, by the Supreme Court of the State of Nevada, that the omission of a *stamp, in all cases, invalidated the instrument. Maynard v. Johnson, 2 Nev. 16, 25.
The question is by no means free from difficulty. Its practical importance, however, is diminished, so far as it relates to legal *181 process, by tbe act of March 2,1867, repealing tbe clause requiring that kind of document to be stamped; and, possibly, tbe amendment of section 158, by tbe act of July 13, 1866, may relieve it of all doubt as to its proper construction.
Tbe construction we bave given to tbe act renders it unnecessary to express any opinion upon its constitutionality. It may not, however, be improper to add that its provisions, so far as they require judicial process to be stamped, bave been held, by tbe highest judicial tribunals of several of tbe states, to be unwarranted by tbe constitution. Warren v. Paul, 22 Ind. 276; Jones v. Keep’s Estate, 19 Wis. 369; Fifield v. Close, 15 Mich. 505.
Judgment of district court and that of common pleas reversed, and cause remanded to tbe common pleas for further proceedings.
White, Welch, Brinkerhoee, and Scott, JJ., concurred.