## GEO. M. MORRIS v. JAS. McMORRIS.

1. PROMISSORY NOTES—REVENUE STAMPS.—Notes not stamped in accordance with United States revenue laws, may, in the absence of fraud, be stamped at the trial, and then given in evidence.

2. SAME—RULE AS TO OMISSIONS TO STAMP.—Mere failure to stamp is not evidence of intention to evade the revenue law. The objector must show fraudulent intent.

Error to the circuit court of Wilkinson county. SMILEY, J.

The facts are stated in the opinion of the court.

*H. S. Van Eaton*, for plaintiff in error.

No counsel for defendant in error.

TARBELL, J. :

This action was instituted to recover the amount of a promissory note executed by Geo. M. Morris, November 28th, 1865, for the payment of one hundred and four dollars.

The defendant pleaded *non assumpsit*, and the issue was tried at the July term, 1870, of the Wilkinson county circuit court, before James M. Smiley, circuit judge, and a jury. Upon the trial, the plaintiff offered in evidence to the jury, the note or due bill sued on, and upon which this action was brought, whereupon the defendant objected to the admission of the note in evidence, on the ground that there was no internal revenue stamp thereon, and that there was a collection district established at the time and place when and where said note was executed. The plaintiff then offered to affix, in open court, the amount of stamps required by the revenue law of congress, to which defendant also objected; but this objection was overruled, and the plaintiff then, in open court, affixed the stamps, by leave of the court, to the note, which was then allowed to be read as evidence in the cause, and to go to the jury as such, to all which the defendant objected and excepted.

The jury having rendered a verdict for the plaintiff, the defendant prosecuted this writ of error to obtain the judgment of this court, assigning for error only the following :

" The error complained of is this, that the promissory note sued on, although executed after a collection district was established at the place of its execution, yet had no internal revenue stamp on it, and that the court allowed the note, on motion of counsel for plaintiff in the court below, to place a stamp on said note, in open court, and then allowed to be read in evidence to the jury."

The question involved in this case is one which has occasioned, apparently, no little embarrassment to the courts of the several states. The decisions have been numerous, and may be said, without impropriety, as a whole, to have been, up to a recent date, hesitating or wanting in uniformity as to the true intent of this law of congress, in its relations to the states and their courts.

The supreme court of Massachusetts, in the case of Carpenter v. Snelling, 97 Mass., 452, decided in 1867, after waiving an opinion upon the effect of the omission of the stamp, conceded to be without fraudulent intent, use the following language, Chief Justice Bigelow delivering the opinion: "But there is another view of this part of the case which leads us to the conclusion that the want of a stamp did not render the written documents offered by the defendant inadmissible. The provision of the statute of the United States already cited does not in terms apply to the courts of the several states. The language of the enactment is only that no instruments or documents not duly stamped shall 'be admitted or used as evidence in any court' until the requisite stamps shall be affixed. This provision can have full operation and effect, if construed as intended to apply to those courts only, which have been established under the constitution of the United States and acts of congress, over which the federal legislature can legitimately exercise control, and to which they can properly prescribe rules regulating the course of justice, and the mode of administering justice. We are not disposed to give a broader interpretation to the statute. We entertain grave doubts whether it is within the constitutional authority of congress to enact rules, regulating the competency of evidence on the trial of cases in the courts of the several states, which shall be obligatory upon them. We are not aware that the existence of such a power has ever been judicially sanctioned. There are numerous and weighty arguments against its existence. We cannot hold that there was an intention to exercise it, where, as in the provision now under consideration, the languge is fairly susceptible of a meaning which will give full operation and effect within the recognized scope of the constitutional authority of congress."

A similar view was taken in 45 Ill., 29, and several other cases.

In Blessinger v. Depuy, 25 Ind., 419, it was held that the document should be stamped before being offered in evidence.

A class of cases declared the doctrine that the act of omission to place the required stamps upon an instrument was of itself presumptive evidence of an intent to evade the statute, upon the principle that every man is presumed to contemplate the ordinary and natural consequences of his own acts. The proof of justification was held to be with the party transgressing, and on failure to make such proof the criminal intent was held to be implied.

Such were the cases of 28 How., 417; 47 Barb., 187; 17 Ohio, 190. These cases also hold that an unstamped instrument is not legally available to a party until the proper stamp is affixed.

In Latham v. Smith, 45 Ill., 25, it is held that without the stamp the instrument is as imcomplete as if it lack the maker's signature, the affixing the stamp being the last essential act to its validity, and as much the act of the maker as his signature and delivery.

Much the more numerous class of cases, however, embracing decisions of the courts in Maine, Vermont, Massachusetts, New York, Alabama, Arkansas, California, Iowa, Missouri, Indiana, Nevada, etc., hold, that the law of congress makes the intent to evade the provisions of the act, a necessary ingredient of the transaction. Such, in fact, are the express terms of the act, which is penal in its character, both as to the forfeiture of the pecuniary penalty, and as to the forfeiture of the instrument, the language being, " with intent to evade," etc., " shall, for every such offense, forfeit," etc· If there be no intent to evade the law, the offense is not committed, and the instrument is not forfeited unless the offense is committed. These cases last referred to, hold the provision invalidating the instrument, to be punitory, and not to be extended beyond the expressed will of the lawmakers. The act expressly makes the offense to consist, not in the accidental, but in the intentional omission of the stamp, with the purpose of evading such duty. This, say these cases, is the import of the language of the act of congress, and they declare that the courts cannot, for the purpose

of enforcing a compliance with the law, dispense with an element made by the act necessary to the forfeiture. 39 Vt., 412; 13 Allen, 123; 53 Pa., 176; 55 Me., 145; 40 Ala., 470; 34 Cal., 167; 43 Mo., 537; 24 Ark., 326; 25 Ind., 101; 17 Ohio, 190; 45 Ill., 29; 19 Iowa, 413; 4 Nev., 124.

The rule adopted in recent cases is, that in order to defeat a recovery upon an unstamped instrument, it must appear, not merely that the note is unstamped, but that the stamp was fraudulently omitted; 12 Allen, 396; 34 Cal., 167; and the plea should allege, not only that the instrument is unstamped, but that the stamp was omitted with an intent to evade the provisions of the revenue law. 39 Vt., 412; 6 Abbott's Pr., 128; 44 Ill., 25. As a corollary, growing out of the foregoing, it is held that a defendant may plead and prove the want of a stamp or proper stamps to the instrument sued on, if the facts, as pleaded and proved, makes the instrument invalid. 2 Nev., 17; 40 Ill., 459; 23 Iowa, 122.

As understood, the supreme court of the United States have recently announced the doctrine, that an unstamped instrument is not invalid unless it is shown that the stamp is omitted with a fraudulent intent. So, in a late case in New York, it was held, that a stamp might be affixed to a note upon the trial, in open court, unless proof was made that the omission was with the intent to defraud the revenue.

The affixing of the stamp is certainly an advantage to the revenue, and thus far the object of government is subserved, while the penalty for the neglect to affix the stamp at the proper time, is still the subject of adjudication between the collector and the party in default.

In the case at bar, no evidence was offered of a fraudulent intent in the neglect to place a stamp upon the note, as required by law. We are of the opinion, and believe the rule to be a true and just one, that the mere failure to affix the stamp is not evidence of an intention to evade the revenue law, and that the objector, in such cases, must show that the omission of the stamp was with a fraudulent intent. *Vide* 6 Abbott's Pr., 128; 55 Me., 145; 3 T. R., 31.

In the consideration of this case, we have sought a solution which should, at the same time, sustain the law of congress and preserve the rights of the states and the independence of the state courts. Happily, the early impression that this law would have to be resisted as an encroachment upon the integrity of the states, rather than solved by judicious rules, has passed away and the rules adopted and followed herein, seems to us to obviate every possible shadow of seeming conflict.

The judgment in this case is affirmed.