STATE OF MINNESOTA

*vs*

JAMES E MOTT.

To support an indictment for uttering and publishing a forged promissory note, it is not necessary that there should be a revenue stamp upon such note.

The defendant was indicted in the district court for the county of Olmsted, for the crime of "uttering and publishing as true, a false and forged promissory note for the payment of money, knowing the same to be false and forged with intent to injure and defraud" As a matter of fact, the note upon which the indictment was predicated, never had any internal revenue stamp attached to it, and to the end that the legal question might be determined without incurring the expense of a trial, this fact was, by the prosecuting attorney, admitted of record; whereupon the defendant moved the district court to quash the indictment and dismiss the action, for the reason that the forged note charged to have been uttered and published, was void upon its face, for want of the proper stamp. The district court being of the opinion that the question was so doubtful as to require the opinion of this court, at the request of the defendant certified and reported the case to this court, under the provisions of Chapter 76 of the Laws of 1870.

C. M. START, County Attorney.

TOLBERT & GEORGE for Defendant.

State of Minnesota v. Mott.

*By the Court*—BERRY, J.—Defendant was indicted for falsely and feloniously uttering and publishing as true, to one Allen, August 21st, 1870, a certain false, forged and counterfeit promissory note dated August 21st, 1870, with intent to injure and defraud said Allen, he the said defendant well knowing the same to be false, forged and counterfeited. There was no revenue stamp upon the note, and under ch. 76, Laws 1870, a report of the case is certified to this court for our opinion upon the question whether the absence of such stamp is fatal to the prosecution.

We think not. If the making of the instrument in question is forgery, then the uttering and publishing of it is the uttering and publishing of a forged instrument, in contemplation of law, and an indictable offense.

" Forgery is the fraudulent making of a false writing, which, if genuine, would be apparently of some legal efficacy," 2 *Bishop's Cr. Law sec.* 495, *and note* 4. 2 *Archbold Cr. Pr. and Pl.* 552. The inquiry then is, would the note in this case, if genuine, have been upon its face apparently of some legal efficacy ? If it would, then as it would have a legal tendency to effect the fraud against which the statutes of forgery, and uttering and publishing forged paper are directed, the forgery, as well as the uttering and publishing of the same, would properly be indictable.

By the congressional act of July 13th, 1866, upon the subject of internal revenue, it is enacted, that a promissory note made, issued or negotiated with intent to evade the provisions of the act, and "not being stamped according to law, shall be deemed invalid and of no effect." If the act stopped here, it might well be as contended by the defendant's counsel, and as appears to be held in *John vs. The State*, 23 *Wis.* 504, that the note being invalid upon its

face, and therefore having no tendency to effect a fraud, could not be the subject of forgery. But the enactment referred to is subject to provisos, under which any party having an interest in such note, may have the proper stamp affixed to it, so that it shall be as valid to all intents and purposes as if stamped when made or issued. Then the promissory note in this case, if genuine, notwithstanding it was not originally stamped, might have been subsequently stamped at the instance of the owner of it, so as to make it as valid as if stamped when it was made or issued. It follows, that if it had been genuine, it would upon the face of it apparently have possessed a legal efficacy. And the fraudulent making of a promissory note, which, if genuine, would apparently possess some legal efficacy, being forgery, the uttering and publishing of such note is the uttering and publishing of a forged note, and as before remarked an indictable offense. *Gen. St. ch.* 96, *sec.* 2.

In our opinion, therefore, the motion to quash the indictment, and dismiss the action on account of the want of a revenue stamp upon the note, should be denied.