## RAYNER and HOPE *vs.* DYETT.

A plea *puis darrein continuance* of a discharge under the act abolishing imprisonment for debt in certain cases, is not a waiver of a plea in bar before put in ; and the plaintiff cannot confess the plea and take judgment, but must proceed, and try the former issues.

AFTER this cause was at issue, the defendant obtained a discharge under the act to abolish imprisonment for debt in certain cases, which he plead *puis darrein continuance.*   The plaintiffs made an entry on the roll, confessing the plea and praying judgment of their damages to be levied of the goods, &c. of the defendant, and not upon his person, and served a copy of the same upon the defendant, together with a notice of assessment of damages by the clerk, considering the plea *puis darrein* as a waiver of the pleas before put in ; and they proceeded and entered a rule for interlocutory judgment, &c. to set aside which this motion was made.

*Van Benthuysen & Oakley*, for defendant.

*Emmet & Grim*, for plaintiffs.

*By the Court*, SUTHERLAND, J. As a general rule, it is undoubtedly true that a plea *puis darrein continuance* is a waiver of the pleas before put in; that rule, however, proceeds on the hypothesis that the party assumes a new ground of defence to the action, abandoning the defence before relied on. The defendant here had denied the plaintiffs' right of recovery; subsequently he obtained a discharge, exempting his body from imprisonment; he plead that fact, so that if judgment did pass against him, his body should not be subject to imprisonment. This was not an admission of the plaintiffs' right of action, nor did it set up any new matter by way of defence to the action; it only affected the remedy, but not the right of the plaintiffs. The former pleas, therefore, were not waived, and the plaintiffs erred in considering such the effect of the plea *puis darrein*. The motion is granted, but without costs.