## DAVID C. WOOD *against* EBENEZER WHITE and HENRY WHITE.

A plea, *puis darrien continuance* of a matter in abatement, is not a waiver of the preceding pleas to the merits.

ASSUMPSIT on a promissory note indorsed by the defendants.

Several special pleas, in bar, had been interposed on the record, by the defendants, and, after issue was joined on these pleas, the defendants holding certain promissory notes indorsed by the plaintiff, who resided at Philadelphia, proceeded against him as an absent debtor. Upon issuing the warrant, the debtor gave his bond to supersede it, pursuant to the statute. This bond is conditioned to pay, to the attaching creditor, "the amount justly due and owing to him." Upon this bond the defendants, within the time allowed by the statute, brought this suit. This being considered, by the defendants, as drawing all the matters of account, between them and the plaintiff, into the suit upon that bond, for adjustment, they pleaded the same *puis darrien continuance* in this case.

Wood v. White.

To this plea the plaintiff, however, demurred, and the court sustained the demurrer. And now, at the trial, the plaintiff insisted that the plea *puis* was a waiver of all the preceding pleas, and objected to their offering any proof under them.

JONES, C. J. The matter pleaded "*puis darrien continuance*" was not in bar of the action; if it had been, the plea would have been clearly a waiver of all preceding pleas: it was matter in abatement only, and, therefore, did not waive the former pleas. *Raynor et al.* v. *Dyett*, 2 Wend. 300.(1)

*Meredith* and *Hall*, for plaintiff.

*Wallis* and *Anthon*, for defendants.

(1) This rule seems well sustained, from the earliest times. Lord Chief Baron Gilbert, in his excellent "History and Practice of Civil Actions," thus states it upon authorities: "The pleas (*puis*, &c.,) are two-fold, viz. in abatement, and in bar; if any thing happens, pending the writ to abate it, this may be pleaded *puis darrien continuance*, though there is a plea in bar, for this can only waive all pleas in abatement that were in being at the time of bar pleaded, but not subsequent matter. But though it be pleaded in abatement, yet, after a bar is pleaded, it is peremptory, as well on demurrer as on trial, because, after bar pleaded, he has answered in chief, and, therefore, can never have judgment to answer over. Gilbert's Practice, 105; Buller's N. P. 310; 1 Chitty on Pleading, 637. When it is pleaded in abatement, and found against the defendant, the issues in bar, however, must still be tried.

In relation to matters of fact, occurring after the defendant has answered, and which, under the old practice, were brought before the court by plea *puis*, the Code of Procedure is silent. It is presumed the practice of the court of chancery must be here resorted to. Such matters must be, therefore, introduced by supplemental answer. 1 Barb. C. P. 166. It seems reasonable that the logic of the old cases must still, however, prevail, wherever the new matter is an abandonment of the first defence.