UTICA,
July, 1835.

Culver
v.
Barney.

Judgment affirmed.

## CULVER vs. BARNEY.

A plea *puis darrien continuance* in bar of the action, is a waiver of all former pleas. Even upon a plea in abatement pleaded *puis darrien*, the judgment whether upon demurrer or verdict, is final *quod recuperet*, and not a *respondeat ouster*.

The rule however does not apply, where the matter of the plea affects the remedy only, and not the right of action—thus a plea *puis darrien* of discharge under the act abolishing imprisonment, &c. is not a waiver of a plea in bar previously pleaded, but the plaintiff must proceed and try the issues before joined.

A party holding a *joint* and *several* note against *two makers*, is not bound to set off the same in an action against him by *one* of the makers.

A power of attorney to appear and prosecute a suit in a justice's court, executed by the party on the record, authorizes the appearance, although such party is but a *nominal plaintiff*, and not the *party in interest*.

ERROR to the Washington common pleas. A suit was commenced before a justice in the name of *Barney* as plaintiff, against Culver. The plaintiff declared on a *joint* and *several* promissory note for 22 dollars and 50 cents, given to him by *Culver and one C. Cook.* The defendant pleaded the general issue and various other pleas in bar. The cause was adjourned for trial, and on the day appointed the defendant put in a plea *puis darrien* that one *Andrew H. Moore* is the real plaintiff in this suit; that since the adjournment of the cause, an action commenced by Culver against Moore had been brought to trial before another justice, and judgment rendered in favor of Culver for *one dollar and thirty-six cents;* that the suit against Moore was commenced

previous to the bringing of the suit of Barney against Cul-- ver, and subsequent to the accruing of the cause of action in the last mentioned suit, and that Moore neglected to *set off* the demand sought to be recovered in the suit of *Barney* against Culver. The plaintiff *demurred.* The justice gave judgment in favor of the plaintiff, and refused to receive evidence in support of the former pleas put in by the defendant, ruling that the plea *puis darrien* was a waiver of the former pleas. The justice, on proof of the note declared upon, rendered judgment for the amount thereof in favor of the plaintiff. On the return of the summons, the plaintiff appeared by attorney, who produced a *power of attorney* executed by Barney, the party in whose name the suit was brought. The defendant objected to the sufficiency of the power, alleging that Andrew H. Moore was the real plaintiff and party in interest, and offering to prove the same ; and that therefore a power of attorney executed by Barney would not authorize the appearance of the attorney. The justice refused to receive the evidence offered, and overruled the objection. The common pleas of Washington county *affirmed* the justice's judgment. Culver thereupon sued out a writ of error.

*E. D. Culver,* plaintiff in error, in person.

*O. Clark,* for defendant in error.

*By the Court,* SUTHERLAND, J. The justice properly held that the plea *puis darrien continuance* was a waiver of the former pleas. It was a plea in bar of the further prosecution of the suit, going to the foundation of the action. But even in a plea in abatement pleaded *puis darrien continuance,* the judgment, either upon demurrer or verdict, is final, *quod recuperet,* and not a *respondeas ouster.* 1 *L. Raym.* 693. 1 *Salk.* 178. 10 *Wend.* 675. *Grah. Pr.* 258. This rule, however, does not apply where the matter of the plea affects the plaintiff's remedy only, and not his right of action. A discharge under the act abolishing imprisonment for debt in certain cases, is not a waiver of a plea in bar previously pleaded. It seeks

merely to modify the remedy, not to defeat the action. *Rayner* v. *Dyett*, 2 *Wendell*, 300.

The facts set forth in the plea were no defence to this action. Moore, who is the real plaintiff in this suit, was not bound to set off this note in the suit brought by Culver against him. It was not the note of Culver only, but of Culver and Cook. Although it was joint and several, and a separate action might have been maintained upon it against either of the makers, yet the holder was not bound to offset it against either. By doing so, and taking judgment against the plaintiff for the balance which would have been found in his favor, he would probably have lost his remedy against the other maker. He could not afterwards have sued him upon the note. The demands which the defendant must set off are demands against the plaintiff in the action, and not against the plaintiff and some other person either jointly or severally. 2 *R. S.* 236, § 50, *sub.* 7.

The authority of the attorney to appear for the plaintiff was sufficiently proved. The power of attorney was given by Barney, the plaintiff on the record. It was perhaps thought necessary that it should be in his name, although the demand belonged to and was prosecuted for the benefit of Moore. There was no pretence that the suit was prosecuted against the will of Moore, or for the benefit of any other person. The power was sufficient.

The court of common pleas properly affirmed the justice's judgment.

Judgment affirmed.