Dewey, J.
Debt on a' recognizance of bail. The defendant, having filed several pleas, to some of which demurrers were correctly sustained, and to others there being replications forming issues of fact, at a subsequent term pleaded as follows: That the plaintiff ought not further to have or maintain his action, “because he says, that since the last continuance of this cause, to wit, on them 12th day of January, 1842, the General Assembly of the State of Indiana did enact a certain act entitled ‘An act to abolish imprisonment for debt/ which was approved by the Governor of the State, and is now in full force, which he is ready to verify/ ” &c. To this plea there was a general demurrer, which the Court overruled, and rendered final judgment for the defendant.
The plea is bad. It contains mere matter of law, which is not issuable, and which the Court is supposed to know without pleading.
If, however, the operation of the statute mentioned in the plea had been to defeat the further maintenance of the action, the defendant would have been entitled to its benefit under the demurrer. But we do not think that such should have been its immediate effect. Á recognizance of special bail is forfeited by the return of a ea. sa. against the principal non est; and a right of action accrues against the bail, who can not plead in bar the subsequent death, or render, of the principal. But such a return does not always make the liability of the bail absolute. By the rules and practice of the English courts, cer *258 tain days of grace are allowed, within which the principal may be rendered, and the bail discharged. But this species of relief is gained by motion and not by plea. So, the bail is entitled to be discharged on motion without a render of the principal, whenever, were he surrendered, he would have a light to be immediately liberated. To take him into custody under such circumstances would be obviously useless. Our statute, which is a substitute for the indulgence of the English practice, gives the bail the right to surrender his principal at any time before final judgment on the recognizance, to procure an exoneretur of record, and to have the cause dismissed at his own cost.
J. Whitcomb and J. Laiv, for the appellant.
S. Judah, for the appellee.
The operation of the statute, abolishing imprisonment for debt, excuses the bail *from the actual render of the principal, ánd entitles him to the same relief as if the render had been made, and to no more. See White et al. v. Guest, decided at this term, and the authorities there cited.
The plea puis darrein continuance was a. waiver of all the other pleas; Tidd’s Pr., 776; Bull. N. P., 309; 1 Chitt. Pl., 559; Wallace v. McConnell, 13 Pet., 152; and as that plea was itself bad, the plaintiff would have been entitled to judgment, but that the record shows that the defendant had procured an exoneretur to be entered pending the cause. The effect of that should have been a dismissal of the action at the costs of the defendant.
Per Curiam.—-The judgment is reversed with costs. Cause, remanded, &c.