May Term,
1847.

PRATHER and Another *v.* RUDDELL and Others.

PRATHER
v
RUDDELL.

*Quære,* whether the refusal to permit a plea *puis darrein continuance* to be withdrawn, after a demurrer to it had been sustained, can be assigned for error.
A plea *puis darrein continuance* is a waiver of all previous pleas.
Such plea requires the highest degree of certainty.
Suit on a covenant to be performed on condition of the plaintiff's prior performance of a certain act. The declaration, which did not aver performance of such act, or show an excuse for its non-performance, was held to be bad.

ERROR to the *Clark* Circuit Court.

PERKINS, J.—Covenant. The declaration is as follows:—

Monday,
May 31.

"*James C. Ruddell, William Ruddell,* and *Nathan L. M'Donald,* complain of *Garner Morris* and *Ranson Prather* in an action of covenant. For that whereas, on the 24th of *October,* 1840, the defendants made their writing obligatory, sealed with their seals, and which is here brought into Court, the date whereof is the day aforesaid, whereby, after reciting that the plaintiffs, by the name of *J. C.* and *W. Ruddell* and *Nathan L. M'Donald,* were sureties for *Abner Prather* in a note for 450 dollars, then negotiated and payable at the Branch Bank of the State of *Indiana,* at *New Albany,* on the 6th of *December* then next, and that *Ruddells* and *M'Donald* had obtained an attachment against the property of said *Abner Prather* in *Louisville, Kentucky,* and the defendants had agreed to enter security to release said attachment and to pay said note when due, should said *Abner Prather* fail to do so, and to save the plaintiffs harmless thereon, the defendants, in consideration thereof, acknowledged themselves to be bound and indebted to the plaintiffs, and to pay said note at maturity on said 6th of *December,* and all damages, interest, and costs, should said *Abner Prather* fail to do so, and to save and keep harmless the plaintiffs from any liability on said note; and on obtaining the release of the plaintiffs, said obligation was to be null and void, otherwise in full force and virtue; and the plaintiffs aver that said *Abner Prather,* though often requested, did not at any time pay said note, or any part thereof, and that the defendants, though often requested, did not nor did either of them at any time pay said note or any part of it, or save and keep harmless the plaintiffs from liability thereon, or obtain their release there-

VOL. VIII.—50.

from; but, on the contrary, the plaintiffs, as such sureties, were obliged to and did pay said note, to wit, 450 dollars, and a large amount of damages, interest, and costs upon it, to wit, 100 dollars, at the maturity thereof, to wit, on said 6th of *December*, 1840; nor has the said *Abner Prather*, or the defendants, or either of them, at any time repaid said sums of money or any part thereof to the plaintiffs; and so the plaintiffs say the defendants have broken their said covenants, and have hitherto wholly failed to perform, &c., to the damage," &c.

To this declaration the defendants filed several pleas upon which issues, some of law and some of fact, were formed; and the cause was continued to the next term of the Court. At that term it was again continued to the succeeding, at which the parties appeared and the defendants obtained leave to file a plea *puis darrein continuance*, which plea was demurred to, and the demurrer sustained by the Court. The defendants' counsel then asked leave to withdraw the plea demurred to, but the Court refused permission, gave judgment for the plaintiffs on the demurrer, and awarded a writ of inquiry for the assessment of damages. The plaintiffs had final judgment for damages assessed.

It is said the Court below erred in refusing to permit the withdrawal of the plea *puis darrein continuance*. In *Sanders* v. *Johnson*, 6 Blackf. 50, it is doubted whether the discretion of the Circuit Court on a question of this kind is subject to our control; but admitting it to be so, we see nothing to satisfy us that that discretion was improperly exercised in this case.

That plea, then, being properly upon the record, stands a waiver of all previous pleas, and rests the case of the defendants upon its validity alone, unless indeed the declaration be fatally defective, 6 Blackf. 241; and as we think the plea clearly substantially bad for want of precision and fulness in its statements—pleas *puis darrein continuance* requiring the highest degree of certainty, 1 Chitt. Pl. 660, 2 Watts, 431—the judgment of the Court below is right, if the declaration can be sustained.

To it, it is objected that the instrument constituting the foundation of the action, and which is correctly described in

the declaration, contains a condition precedent which is not averred to have been performed, nor is any excuse shown for its non-performance. That instrument is extremely vague and uncertain, and a meaning is given to it with difficulty; but the construction we have put upon it, as the safest and most reasonable, is that it was designed as the security for the release of the attachment spoken of within it, and that this security was given on the condition that that attachment was to be released. This construction renders the declaration liable to the objection taken by the defendants' counsel, and bad. The judgment on the demurrer should, therefore, have been for the defendants, and not for the plaintiffs.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, for the plaintiffs.

*R. Crawford*, for the defendants.