JAMES L. MAYFIELD, Admr., v. W. T. BARNARD, Admr., etc.

1. SERVICE—RETURN—HOW CONTRADICTED—PRACTICE.—The statute (Rev. Code, p. 489, art. 65), providing that the return endorsed on process may in the same action be shown to be untrue, clearly contemplates, as do also the principles of

---

*Supra*, p. 91.

correct pleading, that the facts upon which the party impeaching the return relies to establish its falsity, shall be set forth in a plea, in the nature of a plea in abatement, upon which an issue and jury trial may be had ; and in such case if the jury find for plaintiff the judgment will be final *quod recupere.* A mere motion to set aside a return because untrue in fact, accompanied by an offer to prove its falsity, should be overruled and the testimony refused.

2. SLAVE—CONTRACTS—COVENANT OF WARRANTY.—The warranty that a slave was "a slave for life" relates only to the legal status of the property at the time of the warranty ; and the contract is not affected by the subsequent emancipation of the slave by action of the government. The loss by emancipation must fall on the person owning the property at the time of emancipation. And it is well settled that such emancipation cannot be set up in avoidance of payment of the purchase money of a slave so emancipated.

3. PLEADING—PRACTICE.—Though a pleading may be so defective as to justify the opposite party and the court in treating it as a nullity, yet if it be not so treated, but demurred to, such demurrer must always be disposed of before judgment final on the merits. The demurrer is a waiver by the demurrant of his right to have the pleading demurred to treated as a nullity, and a judgment on the merits, leaving such demurrer undisposed of, will be reversed on error.

Error to the circuit court of Issaquena county. YERGER, J.

The facts sufficiently appear in the opinion of the court. The plaintiffs in error assigned the following errors :

1st. The court erred in refusing to allow the defendant, J. M. Clark, to testify upon the hearing of the motion to set aside the sheriff's return on the writ.

2d. The court erred in sustaining the plaintiff's demurrer to the first plea, viz : That plead by Mayfield, administrator, only.

3d. The court erred in sustaining the plaintiff's demurrer to the second plea by all the defendants, setting up breach of warranty in the sale of the slave—the consideration of the writing obligatory sued on.

4th. The court erred in giving judgment in favor of said plaintiff, without disposing of the demurrer to the third plea in the case, setting up want of consideration, tender, etc.

*E. D. Clarke*, for the plaintiff in error.

The first error assigned, is the refusal of the court below to allow the defendant, John M. Clark, to testify upon the hearing of the motion to set aside the sheriff's return on the writ.

The question for the consideration of this court is only as to the action of the court below in excluding the witness

from the stand. No objection to the competency of the witness will be entertained here. 8 S. & M., 332. No *ground* of objection is set out, or reason shown for the action of the court. In the absence of evidence to the contrary, the competency of the witness will be presumed. 1 Phill. on Ev., p. 4—note where authorities are collected. The ground taken in argument was, that the witness was a *defendant to the suit.* Rev. Code, art 65, p. 489.

The second error assigned, is the ruling of the court in sustaining the demurrer to the first plea, which was pleaded by defendant, Mayfield, admr., alone, and which is *in form* a plea of *non est factum.* It is not contended that this plea is sufficient to put the plaintiff to prove *the execution* of the writing sued on. But we maintain that this plea is a good *general issue* to this action. 1 Saund. Pl. and Ev., s. p. 657, tit. " Bond ;" ib. side, p. 904, tit. " Debt."

By art. 125, p. 456, R. Code, it is enacted that, " executors and administrators shall not be bound to plead specially, but may give any special matter in evidence under the general issue." This statute, we take it, virtually abrogates the rule of pleading above referred to, so far as executors and administrators are concerned. While we admit then, that the statute, art. 237, p. 518, applies as well to administrators as to others, so far as to require them, if they would deny the execution in point of fact, of instruments purporting to be the deeds of their intestates, to do so under oath, we yet contend: First, that an administrator has a right to plead the general issue to debt on bond or covenant; Second, that that general issue is *non est factum,* as pleaded at the common law; And third, that under this plea he may make any defense that could have been made at common law prior to the adoption of the rule of pleading above referred to. Saunders on Pl. and Ev. (as above); 1 Chitty's Pl., 518 and 519; 24 Miss., 490.

Unless this position is correct, then the statute requiring pleas of *non est factum* to be sworn to, would have the effect to exclude an administrator, in actions of this charac-

ter, from the benefit of the law, allowing him to make any defense he may have, under a plea that is often the only one he can plead.

But if we are mistaken, still we hold that the plea is certainly sufficient to put the plaintiff upon the production of the writing sued on. And if good for any purpose whatever, the demurrer should have been overruled. We take it that the statute does mean to abolish the plea of *non est factum* without affidavit, but together with the rules of pleading already adverted to; it has this effect as to all persons except administrators and executors, whose rights are elsewhere saved as already shown. *Nil debet* would not have been a good plea to this action. Matthews v. Redwine, 1 Cushman, 233.

For the fourth error, to-wit: The judgment *quod recuperet* in favor of plaintiff, without having first disposed of the issue of law raised by plaintiff's demurrer to defendant's third plea, we are confident the judgment will be reversed. We think this question so conclusively settled by the following authorities, that we deem comment unnecessary. Anderson v. Robertson, 24 Miss., 389; Vance v. Isabel, 13 S. & M., 371; Rogers v. Hunter, ib., 640; Harper v. Bondurant, 7 ib., 397; Price v. Sinclair, 5 ib., 254; Rowley v. Cummings, 1 ib., 340; Walker v. Walker, 6 How., 500; Bailey v. Gaskins, ib., 519; Marlow v. Hamer, ib., 189; Bozman v. Brown, ib., 349; Irving v. Montgomery, 3 ib., 191; Vanzant v. Shelton, 40 Miss., 332. The cases of Rogers v. Hunter, 8 S. & M., 640; Rowley v. Cummings, 1 ib., 340, and Walker v. Walker, 6 How., 500, would seem to be exactly similar to the one at bar. All these authorities agree that it will be a fatal error to render judgment final in a cause where there is an issue in law undisposed of, or where there is an appropriate plea in the record unanswered, or otherwise undisposed of.

The recital in the judgment " and the defendant's declining to answer further," will not be allowed to prejudice the rights of plaintiffs in error here. It may be sufficient to

show that the *privilege* of answering over was granted them, but having an appropriate plea in the file as yet undisposed of, *it was not necessary* for them to exercise it.

It will be noticed that none of the demurrers in this cause (except that to the third plea), assign "special causes," as required by the statute. It was error, then, to sustain them unless the pleas were so radically defective "that judgment according to law and the right of the cause could not be given." Rev. Code, art. 108, p. 495. It is a familiar principle that any defect or irregularity not so assigned will be considered as waived by the demurrant.

We take the rule on this point to be this: To require a general demurrer to be sustained, the pleading demurred to must be so defective in form as to be wholly inappropriate to the action, or so defective in substance as to be frivolous; or both.

*Harris & Withers*, for the defendant in error.

The only question in this case arises on the action of the court upon the motion of Clark, one of the defendants in the court below, to set aside the return of service on him, and to amend said return because the same is untrue.

This motion was predicated, as we must suppose, on the statute, Code, 489, art. 65, which allows a party to dispute the truth of the return in the suit in which it is made. The statute, it is true, does not prescribe the manner in which the point shall be presented, but manifestly it is a matter of fact not appearing on the record, and there must be an issue made and tried according to the due course of law. It was necessary to plead the fact. There certainly is no practice, no rule of law, authorizing the summary proceeding by motion, and the motion is not adapted to the nature of the proceeding. It was not, therefore, error to refuse to receive evidence under the motion. The defendant, Clark, was not a competent witness, because it was a suit by an administrator. The statute, in its spirit, excludes evidence of interested parties to *defeat* a demand by the estate of a deceased party.

The first plea of Mayfield was not verified, and was not a *plea*, and might properly be disregarded, though demurred to. The first plea of all the defendants was frivolous, and should have been stricken out. It presented no issue. The parties could, with equal propriety, have plead the fifteenth amendment or the ten commandments. That this plea and the *non est factum* verified should have been disregarded by the court, is certainly no ground for reversing the judgment.

The second plea of all the defendants was the only plea which had in it anything which called for a demurrer, and the court properly sustained the demurrer to it. Ware v. Houghton, 41 Miss., 370. It was the duty of the parties to look into the record. They were affected with notice of the defects in the order of sale if any existed.

PEYTON, C. J. :

In this case, it appears that William T. Barnard, as administrator *de bonis non*, with the will annexed, of the estate of R. P. Shelby, deceased, instituted suit in the circuit court of Issaquena county, against James L. Mayfield, administrator of the estate of A. H. Sanders, deceased, William Myers, and J. M. Clark, on a writing obligatory for the sum of $2,584 50, executed by said Sanders, Myers, and Clark, on the 20th day of February, 1860, and payable to D. F. Blackburn, as executor of the last will and testament of the said R. P. Shelby.

Upon the process, the sheriff made the following return : " Executed personally on the within named defendants, James L. Mayfield, William Myers, and John M. Clark, by reading to each of them the within writ, and by delivering to each of them a true and perfect copy thereof. This 21st day of March, A. D. 1867."

At the return term of the writ, the said defendant, James L. Mayfield, appeared and pleaded *non est factum*, without verifying said plea by his oath. And at the November term, 1867, of said court, the said defendant, John M. Clark, moved the court to set aside the sheriff's return on the writ of summons, on the ground that the return was untrue. The motion

was overruled by the court, and the said defendant excepted to this ruling of the court, and filed his bill of exceptions, by which it appears that upon the hearing of the motion, the said defendant, Clark, was introduced in support of the motion, to prove that the said return of the writ, as made by the sheriff, was untrue in point of fact, and that the writ had not been served upon him personally, nor a copy thereof delivered to him. To the introduction of this testimony, the plaintiff, by his counsel, objected, and the objection was sustained by the court, and the witness was not permitted, in that way, to impeach said return. To which action of the court, in refusing to allow the said defendant to testify, he excepted, and filed his bill of exceptions.

The said defendants, Mayfield, Myers, and Clark, then filed a plea, alleging a failure of consideration, resulting from the emancipation of the slave for which said writing obligatory sued on was given, and also another plea setting up a want of consideration of the said writing obligatory, arising from the illegality of the order of the probate court under which the said slave was sold, and for the payment of whose purchase money, the obligation in suit was given at said sale, except the sum of nine dollars and fifty cents, which they plead and tender with their plea.

The record shows that three pleas above mentioned, were severally demurred to by the plaintiff, and that the demurrers to the first and third pleas remain undisposed of, and that the demurrer to the second plea was sustained by the court, and the defendants declining to plead over, judgment was rendered in favor of the plaintiff against the defendants, for the amount of the debt and damages, from which the said defendants prosecute here this writ of error.

There are two questions presented for our consideration: 1. Did the court err in refusing to allow the defendant, John M. Clark, to testify upon the hearing upon his motion to set aside the sheriff's return on the summons? 2. Did the court err in giving final judgment in favor of the plaintiff, upon

sustaining the demurrer to the second plea, without having first disposed of the demurrers to the other pleas ?

With respect to the first question, the statute provides that the return of the officer serving any process may, in the same action, be shown to be untrue by either of the parties. Rev. Code, 489, art. 65. This provision clearly contemplates that the facts upon which the party relies to establish the falsity of the return must be set forth by plea upon which an issue may be taken and jury trial had. The principles of correct pleading require that those facts should be presented by plea, in the nature of a plea in abatement, and verified by the oath of the party himself, or some other credible person. And if, on issue of fact joined on such plea, the jury find for the plaintiff, the judgment will be final, *quod recuperet*, because the defendant choosing to put the whole weight of his cause on the issue, when he might have a plea in chief, it is an admission that he had no other defense. 1 Bacon's Ab., Bouvier's Ed., 37 ; Wallace, 58 ; 1 Blackford, 54 ; 3 Wendell, 258 ; 1 Bibb, 234 ; 6 Wendell, 649 ; 2 Penn., 361, and 6 New Hampshire, 518. And as the defendant adopted a mode not authorized by law, to test the truth of the return, we think the court did not err in refusing to allow the testimony offered, and in overruling the motion.

In determining the second question, it may be remarked that the error of the court below was not in sustaining the demurrer to the second plea, but in rendering final judgment thereupon, without having disposed of the demurrers to the first and third pleas.

The ruling of the court below with reference to the second plea is in perfect accordance with the previous adjudications of the high court of errors and appeals of this state upon the question presented by that plea. And we regard it as abundantly settled by them that the warranty in such cases only undertakes to guarantee the status of the slave as slave for life at the time of the sale, and the covenant is fulfilled if at the time of the sale the slave was, by the then existing laws of the state, in a condition which rendered him liable to

servitude for the period of his life.  It might, with as much
reason, be argued that the ordinary warranty of soundness
will be broken if the property should subsequently become
unsound, as to hold the warranty of title to be broken by the
subsequent emancipation of the slave.  The rule of law in
all such cases is that the loss must fall upon the party who
was the owner of the property at the time of the emancipa-
tion.  Bradford v. Jenkins, 41 Miss., 328.  And this is in
accordance with the adjudications of Westminster Hall upon
this subject.  It was there decided that where an obligation
was given to pay £7,800 sterling for a transfer of the vendor's
claim to the services of 153 apprentices (who had been
slaves), but before the installments fell due the slaves were
declared free, and obtained their freedom under an ordinance
of Berbice, in British Guiana, in pursuance of the act of the
3 and 4 William the Fourth, whereby the defendant lost the
services, so that the covenant of warranty of title failed, the
plaintiff was entitled to the last two installments, though the
legislature had determined the apprenticeship before they
became due.  Mittelhozozer v. Fullarton, 6 Adolphus & Ellis,
989–990.  The plaintiff's right vested when the bargain was
made.  The subsequent interference of the colonial legisla-
ture did not prevent his recovering what was then stipula-
ted.  The whole question in such cases is, who shall bear
the losses occasioned by a *vis major?*  And that depends
upon the question, who was the proprietor when that loss was
occasioned?

The court below was, therefore, right in sustaining the
plaintiff's demurrer to the defendants' second plea, but evi-
dently erred in rendering judgment final for the plaintiff
whilst the demurrers to the first and third pleas remained
undisposed of.  It is insisted by counsel for the defendant in
error that those pleas were bad, and might have been treated
as nullities.  It is sufficient to say that they were not so
treated, but were demurred to by the plaintiff as defective
pleas.  It has been held that where the plaintiff dignifies a
plea by a demurrer he cannot afterward treat it as a nullity.

Rogers v. Hunter, 8 S. & M., 640. By demurring, the party waives the privilege of treating the plea as a nullity, and treats it as a defective plea only. Walker v. Walker, 6 How., 500, and Marlow v. Hamer, ib., 189. And it has also been held to be error where four pleas were filed in a cause, and issues joined to the country on two of them, and demurrers filed to the other two, to proceed to trial and judgment on the issues to the country without making any disposition of the demurrers. Harper v. Bondurant, 7 S. & M., 397.

For the reasons herein stated, the judgment must be reversed and the cause remanded.