## C. N. WATERBURY, Admr., *v.* C. E. McMILLAN et al.

1. STAMPS—NOTE MAY BE STAMPED AT TRIAL.—A note or other promise in writing, not stamped according to acts of congress, may be stamped at the time of trial of a suit on it, and then be given in evidence, in the absence of fraud in the failure to stamp it originally. And mere failure to stamp is not evidence of intention to evade the law, but the objector must show it.

2. SAME—CONTRACT INVALID FOR WANT OF STAMP—RECOVERY MAY BE HAD ON ITS CONSIDERATION.—If a contract in writing be invalid for want of a stamp, and, therefore, not admissible in evidence, the plaintiff can recover upon the consideration of the contract.

3. PRACTICE—ERROR TO TRY ISSUE OF FACT AND LEAVE DEMURRER UNDISPOSED OF.—It is error to proceed to the trial of an issue of fact in a case, without disposing of a demurrer.

4. PLEAS PUIS DARREIN CONTINUANCE.—The court cites numerous authorities on this subject and calls attention to them without announcing any definite conclusions of its own on this subject.

ERROR to the circuit court of Franklin county. ALDERSON, J.

*J. F. Sessions*, for plaintiff in error.

No counsel for defendants in error.

TARBELL, J. :

E. C. Adams, administrator of C. N. McMillan, deceased, instituted in 1866 in the circuit court of Franklin county a suit against C. E. McMillan and Isaac W. Collins, upon a written contract, whereby, on the 14th day of March, 1866, the defendants made and delivered to W. M. Wentworth, then administrator of the estate of said C. N. McMillan, deceased, their certain written promise to deliver to said

Wentworth, administrator as aforesaid, five bales of cotton on or before the first day of November then next, or the value thereof on the said 14th day of March, 1866. And it is alleged in the declaration that before the said 1st day of November, 1866, the said Wentworth ceased to be administrator of the estate of said C. N. McMillan, deceased, and in his stead the plaintiff, E. C. Adams, became administrator of said estate. Subsequently, a count for goods, wares and merchandise sold and delivered was added to the declaration. With the declaration was filed a copy of the note and account sued on, to wit:

"MEADVILLE, March 14, 1866.

"On or before the first day of November next, we or either of us promise to pay W. M. Wentworth, administrator of the estate of C. N. McMillan, deceased, the amount of five bales of good lint cotton or its present value in money.

(Signed)        C. E. McMILLAN,

ISAAC COLLINS."

"I. W. Collins & C. E. McMillan,

To W. M. Wentworth,

Admr. of estate of C. N. McMillan, deceased,   Dr.

March 14, 1866. To five bales good lint cotton at $300 per bale, $1,500."

To both counts of the declaration, the defendants interposed a general denial at the return term. Thereafter, and at the September term, 1869, of the said court, the substitution of C. N. Waterbury, as administrator of the estate aforesaid in place of E. C. Adams, was suggested by the attorney for plaintiff, and leave was asked to revive the suit in the name of said C. N. Waterbury, which was granted, and the suit ordered revived and to proceed in his name. A motion by defendants to dismiss the suit on the ground that the suit had abated as to the plaintiff Adams, and had not been revived in the name of said Waterbury, was overruled. Subsequently, and at the December term, 1870, the defendants filed a further plea, in effect, a plea *puis darrein*

*continuance,* averring that C. N. Waterbury is not author-
ized to prosecute this suit, and is not such administrator of
the estate of said McMillan, deceased, because the letters to
said Adams remain unrevoked on the records of the probate
court, although said Waterbury had been appointed by said
court, and he had given bond accordingly, as required
by law. To this plea the plaintiff demurred, for the fol-
lowing causes : 1st. Because it attacks collaterally the judg-
ment of a court of competent jurisdiction ; 2d. Because the
plea does not allege that the authority of E. C. Adams,
former county administrator, had expired before the ap-
pointment of C. N. Waterbury as county administrator
and administrator of the estate of C. N. McMillan, deceased.
Without disposing of this demurrer, the cause was tried by
a jury, and a verdict rendered for defendants.

It appears from the bill of exceptions, that upon the trial
the plaintiff offered in evidence the contract, a copy of
which has been given, and the same having no United
States revenue stamp, the plaintiff at the same time offered
to prove the execution of the contract, and that the absence
of a revenue stamp upon said contract was accidental and
not with a view to defraud the government or evade the law ;
but the defendants objected to said contract as evidence, and
the same was excluded by the court.

The plaintiff then offered to affix to said contract the
requisite amount of United States revenue stamps in open
court, and to prove that the absence of stamps was acci-
dental ; but to this the defendants also objected and per-
mission to affix the stamps was refused.

The plaintiff then offered to introduce evidence to estab-
lish the account filed with the declaration, and called as a
witness W. M. Wentworth, former administrator of the
estate of McMillan, deceased, who, being sworn, testified,
that the cotton embraced in the account was the same in-
cluded in the written contract, whereupon the defendants
objected to any further testimony to establish the account,
on the ground that a promise to pay for the same had been

made in writing, which objection the court sustained, and refused to allow further testimony to establish said account; to which ruling the plaintiff excepted.

There being no further testimony, the case was thus submitted to the jury, who returned a verdict for defendants.

A motion for a new trial was made on the following grounds: 1st. The verdict is claimed to be contrary to law and evidence; 2d. The exclusion of the written contract and refusal to allow the same in evidence on account of the absence of a stamp; 3d. The exclusion of parol evidence to establish the account filed with the declaration. Which motion was overruled and judgment final was awarded upon the verdict, whereupon the plaintiff prayed out a writ of error, and alleges the following as errors of the court below: 1st. The rejection of the written contract; 2d. In refusing evidence to prove the account; 3d. Giving judgment with the demurrer undisposed of; 4th. Overruling the motion for a new trial.

The court, in refusing to receive the written contract in evidence, and to permit it to be stamped at the trial, disregarded the uniform decisions of this court, as well as those of the courts of other states of the highest authority. Notes not stamped in accordance with the United States revenue laws may, in the absence of fraud, be stamped at the trial, and then given in evidence. Mere failure to stamp is not evidence of intention to evade the revenue laws. The objector must show fraudulent intent. Morris v. McMorris, 44 Miss. 441; Acts of Cong. 1866; 39 Vt. 412; 97 Mass. 150; 5 Barb. 320; 40 Ala. 470; 55 Me. 145.

It is an elementary doctrine, that, if a note or other promise in writing be invalid for want of a stamp or other like cause, and not evidence of a contract for that reason, then the plaintiff can recover upon the consideration of the note or promise for goods sold and delivered, or otherwise. Chitty on Bills, 144; Greenlf. Ev., § 436; Humphreys v. Wilson, 43 Miss. 328; 40 Vt. 179; 40 Ill. 362; ib. 457; 24 Iowa.

It was held in Harper v. Bondurant, 7 Smedes & Marsh. 397,

to be error to proceed to trial and judgment on an issue to the country, without disposing of an issue of law created by demurrer to pleadings, there being in that case several pleas, with issues as to part, and demurrers to others. This rule was quoted with approval in Mayfield v. Barnard, 43 Miss. 270; Pool v. Hill, 44 ib. 306; and in Cassedy v. Jackson, 45 ib. 397, was very pointedly adjudged to be correct, so that it is the law of this state. See, also, 1 Smedes & Marsh. 340; 6 ib. 475; 4 ib. 191; 13 ib. 371; 7 ib. 434. The converse of this rule has been frequently affirmed, to wit, that it is error to enter a judgment final on sustaining a demurrer to special pleas, when there are issues of fact undisposed of. Heypon v. Union Bank, 7 Smedes & Marsh. 434; Taylor v. McNairy, 42 Miss. 276; McMillan v. Causey, 43 ib. 227; 44 ib. 306.

For the rule above referred to, that demurrers to pleas should be disposed of before proceeding to trial and judgment upon issues to the country, there exist the most cogent reasons. Among these are the rights of parties litigant, as affected by the details of judicial proceedings, and hence the value of disposing by the record of all the issues presented therein; of adjudicating all the questions, the omission of which would tend to render the judgment uncertain in its results, and the necessity of uniformity and regularity as a protection of the rights of persons and property. The propriety of this rule may be made more apparent, perhaps, by reference to authorities upon a question underlying the actual point before the court. In this case the plea demurred to was filed *puis darrein continuance* and by leave of the court. Whether the party did in fact waive his former pleas, and risk his case upon the plea last pleaded, or so intended at the time of filing the latter, is not shown or claimed, and is negatived by the trial of the issues made upon the first pleas. Neither is any point raised directly upon the legal effect of the plea *puis darrein continuance*, upon the prior pleas. These points not having been presented or passed upon in the court

below, we express no opinion thereon, and make the references thereto for the purpose, as already stated, of enforcing the wisdom of the rule, that questions of law, raised by the pleadings, should be disposed of before proceeding to trial and judgment upon the issues of fact, otherwise, if the rights of the parties do not remain uncertain, the questions involved are not fully adjudicated, and litigants are thus rendered justly dissatisfied with the judicial action in their case. We may observe here that the plea *puis darrein continuance* was so called, with reference to the ancient practice of continuing a cause by formal entries on the record, the matter of defense being stated to have arisen since the last continuance of the cause (Steph. Pl. 64), but the entry of continuances having been abolished in English practice, the plea is now more commonly denominated a plea to the further maintenance of the action. Ib. 65 ; 2 Burr. Law Dic. 353. Another authority says, the words *puis darrein continuance* in effect mean a pleading of facts occurring since the last stage of the suit, whatever that stage may be, provided it precedes the trial. This plea, if sustained, may abate the suit, merely without affecting the right, or it may go to the merits and defeat the right of action. " A plea of this kind is always pleaded by way of substitution for the former plea, on which no proceeding is afterward had." Steph. Pl. 66.

" As a general rule, a plea *puis darrein continuance* is a waiver of the former pleading. 1 Ld. Raym. 693 ; 1 Salk. 178. And the case then stands in the same state as if this had been the plea originally put in. Also, if this be even a plea in abatement, if the original plea have been a plea in bar, the judgment or demurrer, as well as on verdict, will be peremptory, *quod recuperet*, and not *respondeat ouster*. Gilb. C. P. 105 ; Freem. 252. This rule, however, proceeds on the hypothesis that the party assumes a new ground of defense to the action, abandoning the defense before relied on, and does not apply where the matter set up affects only the remedy and not the right of the plaintiff. Thus, a plea

*puis darrein continuance*, of a discharge under the act abolishing imprisonment for debt in certain cases, is not a waiver of a plea in bar before put in, and the plaintiff cannot confess the plea and take judgment, but must proceed to try the former issue." Grah. Pr. 298. The court in Rayner & Hope v. Dyett, 2 Wend. 300, say : "As a general rule it is undoubtedly true that a plea *puis darrein continuance* is a waiver of the pleas before put in ; that rule, however, proceeds on the hypothesis that the party assumes a new ground of defense to the action, abandoning the defense before relied on. The defendant here had denied the plaintiff's right of recovery ; subsequently he obtained a discharge, exempting his body from imprisonment ; he plead the fact, so that if judgment did pass against him his body should not be subject to imprisonment. This was not an admission of the plaintiff's right of action, nor did it set up any new matter by way of defense to the action ; it only affected the remedy, but not the right of the plaintiff. The former pleas, therefore, were not waived, and the plaintiffs erred in considering such the effect of the plea *puis darrein*." Kimball v. Huntington, 10 Wend. 677, was an action of *assumpsit* to which there was a plea of *non-assumpsit*. Subsequently the defendant pleaded a release and discharge, *puis darrein continuance*. The court say : "The plea *puis darrein continuance* waived all previous pleas, and on the record the cause of action was admitted to the same extent as if no other defense had been urged than that contained in this plea. By operation of law the previous pleas are stricken from the record, and every thing is confessed except the matter contested by the plea *puis*. 6 Bac. Abr, 479 ; Cro. Elizabeth, 49 ; 1 Ld. Raym. 693 ; Bull. N. P. 309 ; 1 Salk. 178 ; 2 Wend. 300." In conclusion of the opinion in that case, the court observe : "The whole case turns upon the plea *puis darrein continuance* and the issues growing out of it, which were questions of fact, and have been determined by the verdict." 1 Archb. Pr. 200, contains this : By pleading *puis darrein continuance* you waive your former pleading.

1 Ld. Raym. 693 ; 1 Salk. 178. And the case then stands in the same state as if this had been the plea originally put in. Also, if this be even a plea in abatement, if the original plea had been a plea in bar, the judgment, on demurrer as well as on verdict, will be peremptory, *quod recuperet*, and not *respondeat ouster*. Gilb. Ch. Pr. 105 ; Freem. 262. Therefore, before you plead *puis darrein continuance*, you should in general be satisfied that the matter of such plea will be a better and safer defense to the action than the plea originally pleaded." An authority of the highest character (Gould's Pl. 347, ch. 6, §§ 125, 126) states these rules : " It is said that there can be but one plea *puis darrein continuance* in one and the same cause. &ast; &ast; &ast; But matter of abatement may be pleaded, *puis darrein continuance*, though the defendant has previously pleaded in bar. For a plea in bar waives only such matters of abatement as existed at the time of pleading in bar.

A plea of this kind, in abatement, begins and concludes like a plea of the same kind, when pleaded in the first instance ; but when pleaded in bar, it begins with saying that the plaintiff ought not further to maintain his action ; and concludes by praying judgment, if the plaintiff ought further to maintain his action." In 1 Chitty on Pl. 658, these rules are thus stated : " Pleas of this kind are either in abatement or in bar. If any thing happen pending the suit which would in effect abate it, this might have been pleaded *puis darrein continuance*, though there has been a plea in bar ; because the latter plea only waives such matters in abatement as existed at the time of pleading, and not matter which arose afterward ; but, if matter in abatement be pleaded *puis darrein continuance*, the judgment, if against the defendant, will be peremptory, as well on demurrer as on trial. A plea *puis darrein continuance* is not a departure from, but is a waiver of the first plea, and no advantage can afterward be taken of it, nor can the plaintiff afterward proceed thereon." Another authority says, "It seems dangerous to plead any matter *puis darrein continuance*,

unless you be well advised, because, if the matter be determined against you, it is a confession of the matter in issue, and no *nisi prius* shall be granted." 7 Bac. Abr. 688. "A plea *puis darrein continuance* in bar of the action is a waiver of all former pleas. Even when abatement is pleaded *puis darrein continuance*, the judgment, whether upon demurrer or verdict, is final, *quod recuperet*, and not *respondeat ouster*." Ib. In Yaton v. Lynn, 5 Pet. 231, the court say, "a plea since the last continuance waives the issue previously joined and puts the cause on that plea." The same rule is asserted in Scott v. Brokaw, 6 Blackf. 241, but without discussion. Sanderlin v. Dandridge, 3 Humph. 99, and Morris v. Cook, 19 Wend. 699, were cases where a plea *puis darrein continuance* to a part of the cause of action was filed, and it was held a waiver of the former plea. The general rule upon this subject, as before quoted, was affirmed in Lincoln v. Thrall, 26 Vt. 304, the court saying, "the effect of such a plea is to strike from the record, by operation of law, all previous pleas, and every thing stands confessed except the special matter contested by the plea. This is fully established by the cases cited in argument. The principle is, that the defendant has only a qualified right to avail himself of matter to be contested by means of plea, *puis darrein continuance ;* and to avail himself of such matter, he is required to yield up the cause, in all other respects." The court makes this further significant statement : "The plea in this case goes to the plaintiff's right of action ; and does not simply affect the remedy. If it simply affected the remedy, the case might merit a different consideration." The question arose on demurrer to plea *puis darrein continuance*.

Referring to the case of Rayner & Hope v. Dyett, cited *supra*, the court in Morris v. Cook, 19 Wend. 699, say, "It is supposed by the plaintiff's counsel that a plea *puis*, etc., is a waiver of all previous pleas, whether it be interposed to the whole or any part of the plaintiff's action. The rule is, perhaps, universal where the plea goes to the whole sub-

ject of the declaration ; but where it goes to one of several counts, or to any particular part of an entire claim, I can see no reason for making it a waiver beyond what it professes to answer. In Rayner v. Dyett, 2 Wend. 300, a plea *puis* of a discharge of the body from imprisonment, was held to be no waiver of the previous general pleas in bar. Why was this so ? Plainly because the plea *puis* was partial. It affected the remedy merely ; it acted as a waiver no farther than it was intended as an answer ; there it was received to qualify the plaintiff's claim. The former pleas being allowed to stand in full force, a repetition as to part would have been worse than useless, because leading to unnecessary prolixity." 5 Pet. 224 ; 13 ib. 136, 152 ; 14 Wend. 161 ; 10 ib. 675 ; 2 McLean, 191 ; 6 Blackf. 241 ; 3 How. 426 ; 3 Ala. 200 ; 3 Humph. 99, wherein the general rule that a plea *puis darrein continuance* is a waiver of former pleas, are cases when the plea *puis* went to the merits of the action. A different rule would seem to be indicated in 2 Wend. 300 ; 26 Vt., and some other cases, when the plea affects the remedy only. The same distinction is taken in the notes to 2 Tidd's Pr. 851 (3d Am. from 9th London ed. 1856). Pleas *puis darrein continuance*, or *post ultimum continuationem*, are amendable like other pleas, and it is laid down as a rule that these pleas, when filed, are governed by the same rules as all other pleas.

With reference to the rules above mentioned, see, also, 14 Mass. 295 ; 3 N. H. 102 ; 7 Bac. Abr. 785, 789 ; Tidd's Pr. 847, and notes ; 5 Pet. 231. These references will suffice for the purpose indicated. They show that, beyond the mere neglect to dispose of the demurrer, the parties are environed with important questions, from which they should have been relieved by the action of the court.

All the errors in this case are well assigned, wherefore the judgment is reversed and the cause remanded.