W. M. RUST v. BURKE, TURNER & Co.

(Case No. 3190.)

1. SET-OFF.—Where a judgment is rendered against two who are each separately liable for its full amount, that judgment may be set off against the separate demand of one of the judgment debtors.

2. PRACTICE IN SUPREME COURT.— The record of a judgment, erroneously disallowed as a set-off, showing notice of appeal, the case was remanded to give appellees an opportunity to show that the judgment had been set aside.

APPEAL from Guadalupe. Tried below before the Hon. John P. White.

Suit by Burke, Turner & Co. against W. M. Rust and Joseph Zorn on a note given by Rust to Zorn, and transferred by Zorn to them. Zorn made no defense. Rust answered denying the allegations of the petition, and further as follows: " That at the time said note went into the hands of the agent of Burke, Turner & Co., he did not owe Zorn anything, and he so informed the agent of said Burke, Turner & Co. on the very day it came into his hands; and he says further, that said note sued on was handed to said agent by Zorn as a collateral to secure the payment of a note executed at the time by Zorn to Burke, Turner & Co., and to gain from them an extension of time. And for further answer, he says that defendant Zorn is indebted to him, and was at the time, a greater amount than that sued upon, and of this he prays judgment, and asks that he be dismissed with his costs."

The trial was by the court without a jury. On the trial Rust read

in evidence a judgment rendered in the district court of Guadalupe county on December 16, 1874, in favor of Nannie W. Taylor against M. B. George and Joseph Zorn, for a sum in excess of the amount of the note sued on, and judgment over for the same amount in favor of Zorn against George; the record reciting that Zorn was entitled to recover of said George said amount, "he being previously liable to said Zorn." This judgment entry closes with the statement that defendants give notice of appeal.

Rust testified that the note was not delivered to the agent of Burke, Turner & Co. until ten or twelve days after it was due; that before the said agent had taken the note, Rust informed him that he did not owe Zorn anything, and that he had an offset to the note.

The court rendered judgment against both defendants for the amount due on the note, and Rust prosecutes this appeal.

*Jackson & Jackson*, for appellants.— . . . Perhaps the court below regarded the offset as wanting in "mutuality," because it was rendered against one George as well as against Zorn. But the judgment shows on its face, that though against both George and Zorn, it was not upon their *joint* liability, nor even in a correct sense, their *joint* and *several* liability. For the judgment itself proceeds to give to Zorn a recovery over against George, because of the latter's previous liability "to the former," the fact doubtless being that George was the principal debtor and Zorn an indorser. Such liabilities are several and distinct, though, to avoid multiplicity of suits, the plaintiff, in our practice, may sue on both in the same action. The principle controlling is stated by Spencer, J., in Simson *v.* Hart, 14 Johns., on p. 74, thus: "If the liabilities or claims of *many* become vested in or may be urged against *one*, they may be set off against separate demands, and *vice versa.*" This doctrine is recognized by this court in Hanchett *v.* Gray, 7 Tex., on p. 552.

*Ireland*, for appellees.— . . . The judgment plead in offset was a joint judgment in favor of Taylor against Zorn and George, and was not a mutual demand, and had no connection with each other. Egery *v.* Power, 5 Tex., 506; Duncan *v.* Magette, 25 Tex., 257; Allbright *v.* Aldrich, 2 Tex., 167; Henderson *v.* Gilliam, 12 Tex., 74. The judgment plead in offset had been appealed from and was not the subject of offset. Weathered *v.* Mays, 1 Tex., 473.

Stayton, Associate Justice.— The pleading setting up counterclaim in this cause was very defective, and upon special exception thereto could not have been sustained, but was not so defective as

to permit no defense to the action, and proof having been admitted under the same, the only question necessary to be considered arises upon the sufficiency of the proof to sustain the defense.

The note sued upon was given by Rust to Zorn, and was by him transferred to the appellees after maturity and with notice of the claim held by the appellant against Zorn.

The counterclaim put in evidence by Rust consisted of a judgment recovered by N. W. Taylor against M. B. George and Joseph Zorn, which had been transferred by Taylor to the appellant Rust.

It seems that George was primarily liable upon that judgment, for Zorn had judgment therein against George; but both George and Zorn were liable therein to Taylor, and the judgment was so entered.

It is claimed that the judgment against George and Zorn could not be made available in counterclaim by Rust, because not a judgment against Zorn alone; and this is the only question which we need further consider.

It is well settled that, as a general rule, a set-off of a separate debt against a joint debt, or of a joint debt against a separate debt, will not be allowed (Henderson v. Gilliam, 12 Tex., 74); but the judgment owned by Rust, and offered in evidence, creates a separate demand against Zorn as well as against George, and may be enforced against one or both of them.

"When two or more parties enter into a joint and several bond, it becomes the separate debt of each, and may therefore be set off by the obligee in an action brought against him by either of the obligors." Waterman on Set-off, sec. 210; Dunn v. Wist, 5 B. Mon., 376; Culver v. Barney, 14 Wend., 161; Stadler Bro. & Co. v. Parmlee & Watts, 10 Iowa, 28.

"When each one of several defendants against whom a judgment is rendered is liable for the payment of the entire demand, such judgment may be set off against a judgment obtained by one of the defendants against the holder of the first-named judgment." Waterman on Set-off, sec. 212; Hutchins v. Riddle, 12 N. H., 464.

The record shows that notice of appeal was given in the case of Taylor against George and Zorn, but does not show that an appeal was ever perfected; this fact cannot be presumed; and that must be held to be a subsisting judgment until the contrary is shown.

The judgment offered in evidence by Rust in set-off amounted to more than the note sued upon, and judgment should have been rendered in favor of appellant; and ordinarily judgment in such case would be here rendered as the court below should have done, but as it appears that notice of appeal was given in the case of

Taylor *v.* George and Zorn, the judgment will be reversed and the cause remanded, that appellees may have an opportunity to show, if they can, that that judgment has been set aside.

REVERSED AND REMANDED.

[Opinion delivered June 16, 1882.]